95 Pa. Commonwealth Ct. 443 (1986)
505 A.2d 1097
National Fuel Gas Supply Corporation
v.
Leonard N. Nowak, Secretary of Erie Zoning Hearing Board and Zoning Officer
v.
School District of the City of Erie. School District of the City of Erie, Appellant.
National Fuel Gas Supply Corporation
v.
Leonard N. Nowak, Secretary, City of Erie Zoning Hearing Board and Zoning Officer
v.
School District of the City of Erie. Leonard N. Nowak, Secretary, City of Erie Zoning Hearing Board and Zoning Officer, Appellant.
Nos. 1000 C.D. 1985 and 1002 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued February 3, 1986.
March 6, 1986.
Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.
*444 Lawrence L. Kinter, with him, John W. Beatty, Solicitor, for appellant, School District of the City of Erie.
Gene P. Placidi, City Solicitor, for appellant/appellee, Leonard N. Nowak.
Russell S. Warner, with him, Norman H. Stark, MacDonald, Illig, Jones & Britton, for appellee, National Fuel Gas Supply Corporation.
OPINION BY JUDGE CRAIG, March 6, 1986:
Leonard N. Nowak, City of Erie Zoning Officer, and the School District of Erie each appeal from the order of the Court of Common Pleas of Erie County granting summary judgment to National Fuel Gas Supply Corporation (NFG) on its action in mandamus to compel the city to issue a zoning permit to NFG as a result of the city's failure to render a decision on NFG's zoning application within the 45-day period required by section 908(9) of the Pennsylvania Municipalities Planning Code (MCP),[1] providing in relevant part:
The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. . . . Where the board fails to render the decision within the period required by this subsection, *445 or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.
Pursuant to Pa. R.A.P. 1736, the city's appeal to this court automatically superseded the trial court's mandamus order.
A summary of the uncontested facts follows: On October 24, 1984, the city directed its solicitor to prepare an amendment to its zoning ordinance concerning the drilling, maintenance and production of gas wells within the city limits. NFG desired to drill a commercial gas well on property within the city. The property in question is zoned C-2 General Business District. On October 29, 1984, NFG applied to the city's zoning hearing board for approval of its proposed gas well as a use similar to permitted uses, under the Erie Zoning Ordinance §305.54, which provides:
Business uses similar to permitted uses in C-2 and C-3 districts not otherwise specified shall be referred to the zoning hearing board for interpretation and approval[2]
On October 29, 1984, NFG also requested that the board consider its application at the board's November *446 13, 1984, meeting. On November 13, 1984, NFG representatives and counsel presented to the board its position that the drilling of a commercial gas well was a similar use under section 305.54 of the Erie Zoning Ordinance. By letter dated November 16, 1984, the city informed NFG that "[t]he Zoning Hearing Board decided to defer their action pending the adoption or rejection of the current amendment to Zoning Ordinance No. 40-1968, as introduced by the City Council of the City of Erie on October 24, 1984."
By letter dated January 7, 1985, NFG informed the city that, according to section 908(9) of the MPC, the board's failure to render a decision on its application for interpretation and approval within 45 days of the board's November 13, 1984 hearing constituted a deemed approval of the application in favor of NFG. Consequently, NFG requested the board to issue a zoning certificate in accordance with its October 29, 1984 application. The city notified NFG on January 10, 1985, that the meeting of the board on November 13, 1984, was for the purpose of obtaining an "interpretation" only, and was not to be considered as a hearing. The city also asserted that the pending ordinance doctrine justified the city's action. NFG filed its mandamus action the following day.
The issues in this case, as well set forth in Judge JIULANTE'S opinion, are: (1) whether NFG properly applied to the zoning board for approval of the proposed gas well; (2) whether the zoning board's meeting on November 13, 1984, constituted a hearing for purposes of section 908(9) of the MPC; (3) whether the board's decision to defer action pending the outcome of the city's proposed amendment qualified as a decision for purposes of section 908(9) of the MPC, and (4) whether the pending ordinance doctrine justified the board's action.
Concerning those issues, we affirm Judge JIULANTE'S adjudication as to each one.
*447 On the first issue, we note that NFG applied to the zoning board on October 29, 1984 for interpretation and approval according to section 305.54 of the zoning ordinance. Judge JIULANTE correctly determined that:
The sufficiency of this application is evidenced by the scheduling and subsequent consideration of the NFG interpretation and approval matter by the Zoning Hearing Board on November 13, 1984.
As to the second issue, whether the zoning board's meeting of November 13 constituted a hearing for purposes of section 908(9) of the MPC, Judge JIULANTE determined that:
Evidence that the meeting was a `hearing' for purposes of the section can be found in the opening remarks by Secretary Nowak at the November 13th meeting. Prior to NFG presenting their case, Mr. Nowak stated:
`This is an application for an oil and gas well permit submitted by National Fuel Gas Supply Corporation. Actually, it's not an application for an oil, gas well, but it's for an interpretation. In order to update such a permit, the Zoning Hearing Board must interpret and approve the use as being similar to the permitted uses in a C-2 district. . . .'
From these remarks, it is logical to infer that Mr. Nowak, Secretary for the Zoning Hearing Board, and the Board itself, contemplated that the proceeding before them would inevitably result in a decision which would either grant or deny NFG the opportunity to conduct drilling operations on the property in question. Further evidence that the proceeding was a `hearing' for the purposes of section 10908(9) is *448 found in the extensive manner in which NFG presented testimony and evidence to the board concerning the proposed gas well. Lastly, section 305.54 of the Erie Zoning Ordinance contemplates that a favorable interpretation from the Zoning Hearing Board will result in the granting of a conditional use permit by the Zoning Hearing Officer.
We agree that the zoning board's meeting constituted a hearing for purposes of section 908(9) of the MPC.
As to the third issue, whether the board's decision to defer action pending the outcome of the city's proposed amendment qualified as a decision for purposes of section 908(9) of the MPC, Judge JIULANTE first noted that the purpose of section 908(9) of the MPC was to compel zoning boards to avoid procrastination and undue delay. Further, Judge JIULANTE reasoned that the board's decision to defer was analogous to the board's granting of a continuance. He then stated that:
Such continuances or suspensions have been held not to constitute a `decision' for purposes of this section, but rather a cessation of hearings, which triggers the running of the 45-day period. Bucks County Housing Development Corp. v. Zoning Hearing Board of Plumstead, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979).
We agree.
As to the fourth issue, whether the pending ordinance doctrine is applicable here, Judge JIULANTE first noted that the Supreme Court has stated that the zoning board may refuse a building permit if at the time of the application for such permit there is pending an amendment to a previously permissive zoning ordinance which would prohibit the use of the land for which such permit is sought. Casey v. Zoning Hearing *449 Board of Warwick Township, 459 Pa. 219, 328 A.2d 464 (1974). Judge JIULANTE correctly reasoned that the doctrine was not applicable for the following two reasons:
First the doctrine expressly provides that a zoning hearing board may deny or refuse a permit application based upon a pending ordinance which would prohibit such a use. Here, we are confronted with a board's decision to defer any decision on an application pending the adoption or rejection of a proposed amendment. Second, before a proposed zoning amendment becomes `pending', there must be a `sufficient public declaration of intent to amend the existing zoning ordinance'. Casey v. Zoning Hearing Board of Warwick Township, 459 Pa. 219, 328 A.2d at 467 (1974); Boron Oil Co. v. Kimple, 455 Pa. 327, 284 A.2d at 747. In the present case, the public hearing on the proposed Erie Zoning Ordinance amendment was held on January 9, 1985. If `sufficient public declaration' was given regarding the proposed amendment, it would have been given no sooner than 30 days prior to the hearing date. Erie Zoning Ordinance section 405.11. At the earliest, such `sufficient public declaration' would have been made on December 9, 1984. The Zoning Hearing Board made the decision to defer action on NFG's application only three days after the November 3, 1984 hearing. Therefore, for purposes of the pending ordinance doctrine, the proposed amendment presented in this case can in no way be considered as `pending' at the time of the Board's decision.
Finally, the city and the school district present two additional issues: (1) that NFG's counsel waived the right to a deemed approval at the November 13, 1984 *450 hearing, and (2) that the zoning board's failure to issue the required hearing notices negated the legal existence of the hearing. However, the city and the school district did not raise either of those issues before the trial court on a timely basis. As to the hearing notice, the city did not raise the point legally or factually until more than a month after the trial court's judgment, when the city sought reconsideration. The city could have filed the same affidavit before the summary judgment. Where issues thus have not been timely raised, they cannot be considered.
Accordingly, we affirm the decision of the trial court.

ORDER
NOW, March 6, 1986, the order of the Court of Common Pleas of Erie County, No. 112-A-1985, dated April 3, 1985, is affirmed.
NOTES
[1] Section 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 3, 1968, P.L. 805, as amended, 53 P.S. §10908(9).
[2] The City of Erie Zoning Ordinance lists two categories of uses in a C-2 General Business District. One category lists permitted uses. The other category lists "conditional uses," one of those "conditional uses" being the section 305.54 providing for "[b]usiness uses similar to permitted uses in a C-2 district not otherwise specified," under which NFG pursued its zoning certificate. Section 305.54 refers such a "similar use" application directly to the zoning board for interpretation and approval. Section 913 of the MPC, 53 P.S. §10913, establishes that zoning ordinance provisions which refer applications directly to the zoning board are considered special exceptions.