528 A.2d 1064

Swedeland Road Corporation, Appellant *v.* Zoning Hearing Board of Upper Merion Township, Appellee.

Swedeland Road Corporation, Appellant *v.* Zoning Hearing Board of Upper Merion Township, Appellee.

Argued June 9, 1987, before President Judge CRUM-LISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Parke H. Ulrich, Fox, Differ, Callahan, Ulrich &
O'Hara,* for appellant.

*Gregory J. Dean, Meneses & Dean,* for appellee.

OPINION BY JUDGE COLINS, July 23, 1987:

Swedeland Road Corporation (appellant) appeals from an order of the Court of Common Pleas of Montgomery County which affirmed a decision of the Zoning Hearing Board of Upper Merion Township (Board).

On July 10, 1984, the appellant applied to the Board for a special exception to permit construction of storm water basins in the Gulf Mills Corporate Center, located in an area designated as a flood plain by the Upper Merion Zoning Code (Code). Pursuant to the Code, the Board was required to receive and consider the report of the Township Planning Commission (Commission) before rendering a decision.[1] The Commission's report had not been received as of August 9, 1984, when the Board conducted its hearing on appellant's application.

---

[1] Section 1756(C) of the Code mandates that the Board request Commission recommendations at least thirty (30) days prior to a public hearing. The record before us is devoid of any evidence that this procedure was followed; nor does it indicate the reason for the Board's failure to secure such recommendations by the time of the hearing.

Following the hearing, the appellant's representatives met with the Commission, and the Township's engineer thereafter submitted questions to the appellant which required information and clarification necessary for the Commission to properly and timely prepare a recommendation for the Board. To permit the engineers sufficient time to complete their dialogue, the Board asked the appellant to grant it an extension of time in which to render a decision. The appellant agreed in writing to an extension but imposed a deadline of October 22, 1984. On October 19, 1984, three days before the deadline, the appellant's engineers responded by letter to the questions requested by the Township engineer. On November 15, 1984, the Township engineer and the Commission furnished their general approval of the concept of a regional storm water basin. On December 13, 1984, the Board denied the appellant's application. The appellant appealed, contending that inasmuch as the Board failed to render a written decision by October 22, 1984, the date agreed upon by the appellant, the Board was deemed to have rendered a decision in appellant's favor under the terms of Section 908(9) of The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9).

The trial court, without taking additional evidence,[2] held that the Board's decision was not untimely for purposes of Section 908(9) because: (1) the appellant's delay in responding to the questions posed by the Township's engineer estopped it from contesting any delay in the Board's decision; (2) once the appellant had agreed to an extension, it had effectively waived the forty-five day

---

[2] Where the trial court has taken no additional evidence, our review is limited to determining whether the Board abused its discretion or committed an error of law. *McKown v. Board of Supervisors of East Fallowfield Township*, 104 Pa. Commonwealth Ct. 428, 522 A.2d 159 (1987).

limit; and (3) there was not, in any case, a technical lapse of forty-five days from the date of the last hearing, since the hearing had not concluded until the Commission presented its evidence.[3]

Section 908(9) of the MPC provides, in pertinent part, as follows:

> (9)   The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or the hearing officer. . . . Where the board fails to render the decision within the period required by this subsection, . . . the decision shall be deemed to have been rendered in favor of the applicant *unless the applicant has agreed in writing to an extension of time.* . . . (Emphasis added).

In the case *sub judice,* the appellant agreed in writing to extend the time period until October 22, 1984. The effect of this written extension was to bind the Board to render a decision by that date.[4] Indeed, to hold otherwise would leave an applicant signing an extension with no means of preventing the Board from unbridled tardiness in rendering a decision, thereby frustrating the intention of the MPC. *See National Fuel Gas Supply Corp. v. Nowak,* 95 Pa. Commonwealth Ct. 443, 505 A.2d 1097 (1986).

---

[3] The trial court also suggested that the appeal was moot in that the appellant had applied for, and was granted, a similar variance subsequent to the application in question. Inasmuch as this application for a variance is not part of the record, we will not consider this argument. *See Rogers v. Zoning Hearing Board,* 103 Pa. Commonwealth Ct. 478, 520 A.2d 922 (1987).

[4] *Cf.* Section 508(3) of the MPC, 53 P.S. §10508(3), which provides that: "Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and

This is not the end of the matter, however, since it is clear that the appellant waited until three days before the deadline before submitting the information requested by the Township engineer. As the appellant was in a position to realize that the Board could not render a decision until the Township engineer and the Commission had sufficient time to review the information requested, the appellant could not expect the Board to render a decision within such a short time-frame. The appellant's tardy response, therefore, estopped it from relying upon October 22, 1984 as the operative date for purposes of the MPC. *See Pennsylvania Liquor Control Board v. Venesky*, 101 Pa. Commonwealth Ct. 456, 516 A.2d 445 (1986).

In such a situation, where a party has been dilatory in providing the Board with information necessary for the Board to render a decision, the date the applicant actually submits the requested information will constitute a "final hearing" for purposes of Section 908(9). *See Wiggs v. Northampton County Hanover Township Board of Supervisors*, 65 Pa. Commonwealth Ct. 112, 441 A.2d 1361 (1982). Inasmuch as the Board decision of December 13, 1984, was more than forty-five (45) days from October 19, 1984, the date the appellant submitted the necessary information, the Board's delay had the effect of a "deemed approval." *See Relosky v. Sacco*, 514 Pa. 339, 523 A.2d 1112 (1987).

We will, therefore, reverse the order of the trial court.

## Order

AND NOW, this 23rd day of July, 1987, the order of the Court of Common Pleas of Montgomery County in

---

manner required . . . shall be deemed an approval of the application . . . unless the applicant has agreed in writing to an extension of time . . . in which case, *failure to meet the extended time . . . shall have like effect. . . .*" (Emphasis added).

the above-captioned matter is reversed and remanded to the trial court with directions that the matter be remanded to the Zoning Hearing Board of Upper Merion Township with directions to grant the special exception pursuant to the foregoing opinion.

Jurisdiction relinquished.