565 A.2d 1238

**PENN ADVERTISING, INC., Appellant,**

v.

**William E. KRING and Zoning Hearing Board for the Township of Brecknock and Board of Supervisors for the Township of Brecknock and Township of Brecknock, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Nov. 8, 1989.

Petition for Allowance of Appeal Denied May 8, 1990.

Frank J. Vargish, III, Blakinger, Byler & Thomas, P.C., Lancaster, for appellant.

Mitchell A. Sommers, for appellees.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the Court of Common Pleas of Lancaster County granting the peremptory judgment motion [1] of the Zoning Hearing Board (ZHB) of Breck-

---

1. Both parties filed motions for summary judgment or peremptory judgment in the alternative. This procedure is appropriate in a mandamus action. See the explanatory comment to the 1974 amendment to the Pa.R.C.P. No. 1098 (this amendment changed the rule heading from "summary judgment" to "peremptory judgment"). A party may proceed under Pa.R.C.P. No. 1035 for summary judgment if the pleadings are complete. Motions for peremptory judgment in mandamus, on the other hand, under Pa.R.C.P. No. 1098 may be filed *at any time* after the complaint is filed. Either procedure is permissible.

In the case at hand, the pleadings were complete and summary judgment motions were appropriate. The trial judge incorrectly stated in his order that the motion must be named a motion for peremptory judgment. This renaming of the motion would in fact have unfairly rendered his order nonappealable because a peremptory judgment in a mandamus action is subject to be opened upon cause shown. It has been held that a peremptory judgment in a mandamus action is not appealable, because the defendant must first move to open the judgment giving the lower court an opportunity to correct any error. He may then appeal from a refusal to open a peremptory judgment. *Hamby v. Stoe,* 448 Pa. 483, 295 A.2d 309 (1972); *City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974).

This misnomer by the trial judge has no effect on the outcome, because the standard for granting peremptory judgment pursuant to Pa.R.C.P. No. 1098 is the same standard that governs disposition for summary judgment under Pa.R.C.P. No. 1035. *Washowich v. McKeesport Municipal Water Authority,* 94 Pa. Commonwealth Ct. 509, 513, 503 A.2d 1084, 1086 (1986) (quoting *Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 398, 437 A.2d 1329, 1331 (1981).

Accordingly, we shall deem the motions as motions for summary judgment pursuant to Pa. R.C.P. No. 1035.

nock Township, William E. Kring, the zoning officer, and the Board of Supervisors for the Township (collectively Appellees), and dismissing the motion of Penn Advertising Inc. (Penn Inc.), appellant, for summary or peremptory judgment in mandamus to compel the ZHB to grant a "deemed approval"[2] to Penn Inc.'s request for a variance.

The uncontested facts are as follows: Penn Inc. entered into a lease agreement with Glen and Margaret Cockley for the purpose of erecting two outdoor advertising signs on property owned by the Cockleys. The proposed signs did not comply with the Brecknock Zoning Ordinance in that they were three and one-half (3½) times the size of those permitted by the ordinance. For this reason, an application for a zoning permit received by the zoning officer on August 31, 1987, had been denied. Penn Inc. filed its application for a variance with the ZHB on December 15, 1987. The ZHB received the application on December 17, 1987 and scheduled a hearing for January 19, 1988. Prior to the hearing, the ZHB advertised the hearing and posted the property. The ZHB then convened the hearing as scheduled on January 19, but Penn Inc. did not appear.

Because of the absence of Penn Inc., the ZHB continued the hearing to February 16, 1988, a date sixty-one days after the receipt of the application. It then sent a letter, dated January 22, 1988, to Penn Inc. advising it of the continued hearing, and promising Penn Inc. an "opportunity to show just cause" for failing to appear at the original hearing on January 19, 1988.

The following colloquy took place at the January 19 meeting:

MR. GOOD: This is Case No. 134, January 19, 1988.

We are here to hear the applicant, Penn Advertising, Incorporated, Box 6157, York, PA.

2. "Deemed approval" refers to the "conclusive presumption" that a zoning hearing board has ruled in the applicant's favor. *Foltz, Jr. v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972).

The applicant has not shown up for the hearing. How do you want to word that? Did you want to word it for me? How do you want to say that?

. . . .

MR. GOOD: All right. Case No. 134 hearing will be continued, . . .

We have met here this evening at 7:55 and we will close this hearing and continue it next month. At that time, the applicant will be given the opportunity to state why he did not appear tonight and give cause for not being here.

N.T. 2.

Penn Inc. appeared at the second hearing on February 16, 1988 with counsel and explained that it had not appeared on January 19 because it had not received notice of that hearing, a fact apparently not contested by the Appellees.

Penn Inc. then requested a variance and asserted its right to a "deemed approval" based on the Board's failure to hold a hearing within sixty days of the filing of Penn Inc.'s application. After preserving this issue, Penn Inc. then proceeded to offer evidence on the merits and the Board subsequently denied the variance based on the lack of conformity to the Brecknock Zoning Ordinance. Penn Inc. filed its mandamus action six days later.[3] The common pleas court dismissed the mandamus suit and Penn Inc. now brings this appeal.

The issue before us is whether Penn Inc. is entitled to a deemed approval under Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC)[4] when it did not receive notice of a hearing that convened within sixty days of its application, and therefore did not attend, but did receive notice of and attended a continued hearing which was not held within sixty days of the date of the application.

3. It is noted that in addition to the mandamus action Penn Inc. also filed a zoning appeal in Lancaster County and attempted to consolidate the two actions. The motion for consolidation was denied by the trial court.

4. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9).

The applicable provisions of Section 908 of the MPC are as follows:

(1) Public notice shall be given and *written notice shall be given to the applicant,* the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. *Written notice* shall be given at such time and in such manner as shall be prescribed by ordinance[5] or, in the absence of ordinance provision, by rules of the board.

. . . .

(1.2) The hearing shall be held within 60 days from the date of the applicant's request, unless the applicant has agreed in writing to an extension of time.

. . . .

(9) The board or the hearing officer, as the case may be, shall render a written decision ... within 45 days after the last hearing before the board.... Where the board fails to render the decision within the period required by this subsection, *or fails to hold the required hearing within 60[6] days from the date of the applicant's request for a hearing,* the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.... (Emphasis added.)

Clearly, the MPC requires written notice to the applicant. It also clearly requires that a hearing be held within sixty days of an application. The issue, therefore, narrows to whether or not the January 19, 1988 first meeting *was* a hearing for purposes of fulfilling the sixty-day requirement of the MPC and whether the continued hearing, with adequate notice, coupled with the first hearing, was sufficient to fulfill the notice requirements of Section 908(9). We believe it was.

5. Article XI, Section 1103(A)(2) of the Brecknock Township Zoning Ordinance requires "mailing a notice thereof to the parties in interest."

6. Section 4 of the Act of October 5, 1978, P.L. 1067 amended Section 908(9) by substituting 60 days for 45 days.

Contrary to Penn Inc.'s contention, the zoning hearing of January 19, 1988 which commenced within thirty days of the application, although *defective* for lack of notice, was not *void ab initio*. Rather it was a valid hearing for the purpose of the MPC if only to decide that the proper notices were not sent and to continue the hearing to February 16. If a judgment or substantive action on the merits had been made or taken at the January 19 meeting, that judgment or action would have been voidable, of course, because it would not have been in compliance with the full requirements of the MPC. Further, it would not have comported with basic due process requirements of notice and an opportunity to be heard. *Wojciechowski v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 116, 407 A.2d 142 (1979); *cf. Delaware Institution District v. Middletown Township*, 6 Pa. Commonwealth Ct. 146, 293 A.2d 885 (1972) (municipal subdivision entitled to due process requiring notice and an opportunity to be heard), *aff'd* 450 Pa. 282, 299 A.2d 599 (1973). However, in this case, the only decision made on January 19 was to continue the hearing without prejudice to the applicant.

The Supreme Court of Pennsylvania dealt with Section 908(9) in *Humble Oil and Refining Co. v. East Lansdowne Borough*, 424 Pa. 309, 227 A.2d 664 (1967). In *Humble Oil*, the Court admonishes the courts to apply a strict interpretation of and adherence to the procedural provisions of zoning statutes. While acknowledging that there are many instances where Section 908(9) has been strictly applied, the trial court in the instant case looked at the intent of the delay and decided that a strict interpretation was not warranted.

The trial court's decision to look at the intent of the delay was based on the policy behind Section 908(9). This section was designed to avoid procrastination by zoning hearing boards. We note that *Humble Oil* was decided before the MPC required a hearing within sixty days and therefore that decision addressed only the requirement that the board

reach a decision within forty-five days of the last zoning board hearing. The provision in Section 908(9) which provides for a deemed approval if a board does not *hold a hearing* within the proper time frame was added by amendment in 1974.[7] The intent of the legislature, however, as originally elucidated in *Humble Oil*, remains the same for the entire section as it stands today. The board has a duty to hold a hearing within sixty days and to reach a decision within forty-five days. Both provisions are designed to "curb the evils of procrastination." *Bucks County Housing Development Corp. v. Zoning Hearing Board of the Township of Plumstead*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979). Once having stated that broad policy, however, it is necessary to examine the facts of a particular case to determine if the policy has been offended.

In cases where the procrastination is the fault of the zoning board, deemed approvals have been granted. *National Fuel Gas Supply Corp. v. Nowak*, 95 Pa. Commonwealth Ct. 443, 505 A.2d 1097 (1986) (where a hearing was delayed pending the passage of a new ordinance); *Pocono Sales Corp. v. Bear Creek Township*, 119 Pa. Commonwealth Ct. 594, 547 A.2d 846 (1988) (where the court strictly applied the forty-five day decision rule). In the instant case, however, there was no procrastination on the part of the ZHB. The essential fact is that a hearing was commenced within the time specified. An unintentional clerical error denied the applicant notice. When the oversight was noted, the defect was quickly cured by a continuance of the hearing. The applicant then received notice and was afforded a prompt opportunity to present its case and did so. Due process requirements were satisfied. We agree with the trial court that this is not the type of situation for which MPC Section 908(9) provisions for deemed approval were enacted. More important to the point at issue, because the hearing held on January 19, 1988 *was* a hearing which complied with Section 908(9) of the MPC, a deemed approval

7. Section 1 of the Act of December 10, 1974, P.L. 822.

is not warranted.[8]

We affirm the judgment of the lower court.

McGINLEY, J., concurs in the result only.

## ORDER

NOW, November 8, 1989, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

---

8. This Court also takes judicial notice of the fact that Monday, February 15, 1988, was the observance of Washington's birthday and a legal holiday. Therefore, in making computations of time according to Section 1908 of the Statutory Construction Act, 1 Pa. C.S. § 1908, the hearing *was* held within sixty days. However, even if the meeting was timely for this additional reason, it was also timely for the reasons set forth in this opinion.