595 A.2d 775

**Barry D. GRIM and Tara A. Grim, his wife, Appellants,**

v.

**BOROUGH OF BOYERTOWN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided July 25, 1991.

Gene M. Venzke, for appellants.

Jeffrey J. Howell, for appellee.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

This is an appeal by Barry D. Grim and Tara A. Grim (Grims) from an order of the Court of Common Pleas of Berks County granting summary judgment in favor of the Borough of Boyertown and denying the Grims' motion for summary judgment. The date of that order was April 18, 1990. We reverse.

The uncontested facts are as follows. The Grims own a parcel of real estate located in Boyertown Borough, Berks County, Pennsylvania. This real estate is located in a R–1 Single Family Residential Zoning District as per the Boyertown Borough Zoning Ordinance of 1966. The property is improved with a three-story building and a detached two-car garage. The Grims purchased the property in 1983 and, on

December 29, 1986, applied to the borough for a building permit to install a "kitchen and bath" in the improvement. After receiving such permit, the Grims converted a portion of the building into two apartment units.

On June 4, 1987, the borough notified the Grims that the use of the property violated the zoning ordinance. The Grims then filed an application with the Borough of Boyertown Zoning Hearing Board on June 22, 1987, requesting a special exception or variance from the zoning ordinance. After conducting a hearing to consider the Grims' request on July 20, 1987, the zoning hearing board (board) denied the Grims' application.

On October 6, 1987, the Grims appealed the board's decision to the Court of Common Pleas of Berks County (trial court) which, by order and opinion of August 23, 1988, affirmed the board.

The Grims then filed a second original application with the board on September 27, 1988, seeking an interpretation of the zoning ordinance, or a special exception to permit a change of use on the property. This second application was accompanied by a letter from the Grims' attorney, Gene M. Venzke (Venzke), in which he requested a hearing on the application and explained that the request differed from the Grims' prior zoning application due to a change of circumstances. The board scheduled a hearing on this application for December 19, 1988.

On December 16, 1988, the Grims filed a complaint in mandamus against the borough and the board, requesting that their September 27, 1988 application be deemed approved,[1] pursuant to § 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[2] The trial court, on that same date, entered an order enjoining the board from conducting any further proceedings pertaining to the Grims' second application. Almost one year later, on No-

---

1. "Deemed approval" refers to the "conclusive presumption" that a zoning hearing board has ruled in the applicant's favor. *Foltz v. Monroeville,* 5 Pa.Commonwealth Ct. 304, 290 A.2d 269 (1972).

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9).

vember 22, 1989, the borough commenced an equity action to compel the Grims to use their property in conformance with the zoning ordinance. The mandamus and equity actions were consolidated by court order dated February 23, 1990. The parties then filed cross-motions for summary judgment. The trial court, by order dated April 18, 1990, granted summary judgment in favor of the borough and denied summary judgment in favor of the Grims.

The effect of this order was to hold, as a matter of law, that the Grims were not entitled to a deemed approval of their application. This conclusion was based on the trial court's opinion that the Grims' second application was barred by res judicata, and that extenuating circumstances existed which excused the board from complying literally with the time limits set forth in § 908(9).

The "extenuating circumstances" are as follows. Robert I. Cottom, the board's solicitor, acknowledged, by letter to Grims' attorney, Venzke, dated October 4, 1988, that he had received a copy of the Grims' September 27, 1988 application from the zoning officer on October 3, 1988. He further advised Venzke that he would be in Spain from October 4, 1988 until October 12, 1988 and that he would contact Venzke as soon as he returned. Cottom became ill in Spain and was hospitalized there until October 25, 1988. He returned to work on a part-time basis from late in October until November 13, 1988, when he was admitted to a local hospital where he remained until November 29, 1988.

Cottom's secretary informed Venzke by letter of October 13, 1988, that Cottom's return from Spain was delayed due to illness, and that the matter of the Grims' application would be brought to his attention immediately upon his return. Venzke inquired as to the status of the Grims' application, by letter to Cottom, dated November 18, 1988.[3] Cottom's secretary, by letter dated November 28, 1988, acknowledged receipt of the November 18, 1988 letter, apologized for the delay in responding, informed Venzke that Cottom had not yet returned to his office due to illness,

3. The sixty-day period was due to elapse on November 26, 1988.

and advised that Venzke should receive notification of a hearing date directly from the board in the near future.

The issues before us are: 1) whether the Grims' application for an interpretation of the zoning ordinance and request for a special exception on September 27, 1988 was barred by res judicata; and 2) whether the Grims are entitled to deemed approval of their September 27, 1988 application.

▄▄▄ Our scope of review, in reviewing a grant of summary judgment, is limited to determining whether the trial court committed an error of law or abused its discretion. *Kuehner v. Parsons*, 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987). Summary judgment is proper only when, after examining the record in the light most favorable to the non-moving party, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*[4]

▄▄▄ We must first consider whether res judicata precludes consideration of the Grims' September 27, 1988 application.[5] If res judicata does not apply, we must then address the issue of whether that application should have been deemed approved. Initially, we note that the doctrine of res judicata is to be applied sparingly in the area of zoning, because the need for flexibility outweighs the risk of repetitive litigation. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975).

▄▄▄ Nevertheless, res judicata may be applied in zoning cases if four elements concur: (1) the identity of the things sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made. *Id.; Price v. Bensalem Township*

---

4. The filing of motions for summary judgment is appropriate in a mandamus action, where the pleadings are complete. *See* Pa.R.C.P. No. 1035.

5. We note that although the borough argues that the application should be barred by res judicata, it did not reject the application on that basis, and proceeded to schedule an untimely hearing.

*Zoning Hearing Board,* 131 Pa.Commonwealth Ct. 200, 569 A.2d 1030 (1990). However, the doctrine of res judicata will not operate to preclude an applicant's rights under a second application, even if it is identical to a prior application which has been denied, if there has been a substantial change in conditions or circumstances relating to the land itself. *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970); *Mobil Oil Corporation v. Zoning Hearing Board of Tredyffrin Township,* 100 Pa.Commonwealth Ct. 480, 515 A.2d 78 (1986).

■ Accordingly, specific findings regarding an applicant's contention that there has been a substantial change in conditions or circumstances are crucial to the resolution of whether res judicata applies, and an applicant making such a claim is entitled to a meaningful opportunity to present such evidence. *Riverside Associates v. Springettsbury Township Zoning Hearing Board,* 77 Pa.Commonwealth Ct. 158, 465 A.2d 120 (1983); *Atlantic Richfield Company v. City of Bethlehem,* 69 Pa.Commonwealth Ct. 6, 450 A.2d 248 (1982). The mere comparison by the trial court of the two applications is not sufficient to support a determination that the doctrine of res judicata applies. *Atlantic Richfield.* In this case, the board, despite Venzke's letter accompanying the second application, did not afford the Grims an opportunity to present evidence of a substantial change in conditions or circumstances. Therefore, the trial court erred to the extent that its grant of summary judgment in favor of the borough was based on the doctrine of res judicata.

Having determined that the doctrine of res judicata should not have been applied to the Grims' second application, we must now address the issue of whether that application should have been deemed approved. Section 908(9) of the MPC provides in pertinent part as follows:

> Where the board fails to ... hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been

rendered in favor of the applicant unless the applicant has agreed in writing ... to an extension of time....[6]

In interpreting this section, we are mindful of the Pennsylvania Supreme Court's admonishment to apply a strict interpretation of and adherence to the procedural provisions of zoning statutes. *Humble Oil and Refining Co. v. East Lansdowne Borough,* 424 Pa. 309, 227 A.2d 664 (1967). We also note that the use of the word "shall" in a statute is generally considered imperative. *Wilkes–Barre Area Vocational School v. Greater Nanticoke Area School District,* 115 Pa.Commonwealth Ct. 73, 539 A.2d 902 (1988). A statute is mandatory if the thing directed to be done reflects the essence of a statute's purpose. *Beers v. Unemployment Compensation Board of Review,* 118 Pa.Commonwealth Ct. 248, 546 A.2d 1260 (1988), *petition for allowance of appeal granted,* 521 Pa. 623, 557 A.2d 726 (1989).

The Pennsylvania Supreme Court, recognizing that initiative, consideration, and decision are commonly controlled by procrastination rather than celerity, stated as follows with regard to the purpose of § 908(9):

The Legislature recognized the existence of this inertia in the orderly disposition of pending governmental matters, and, accordingly, wisely provided that when a board of adjustment indolently allows 45 days to go by without a decision following a hearing, the complaining party shall have the benefit of that slothful inattention and gain the requested permit. Without this kind of coercive determination, a board could effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems.

*Humble Oil,* 424 Pa. at 314, 227 A.2d at 666.

Because *Humble Oil* was decided before the MPC required a hearing within sixty days, that decision addressed only the requirement that the board reach a deci-

6. The Grims did not agree to an extension of time.

sion within forty-five days of the last zoning board hearing. *Penn Advertising, Inc. v. Kring,* 129 Pa.Commonwealth Ct. 402, 565 A.2d 1238. (1989). However, the intent of the legislature, as elucidated in *Humble Oil,* remains the same for the entire section as it stands today. *Id.* Accordingly, we have recognized that § 908(9) was designed to curb the evils of procrastination, delay and frustration of decision. *Bucks County Housing Development Corporation v. Plumstead Township,* 45 Pa.Commonwealth Ct. 532, 406 A.2d 832 (1979). Therefore, the language of that section which provides that a decision "shall be deemed to have been rendered in favor of the applicant," where the board fails to hold the required hearing within 60 days, is imperative.

■ The trial court chose to ignore this mandate and relied on this court's decisions in *Price v. Hanover Township Zoning Hearing Board,* 72 Pa.Commonwealth Ct. 5, 455 A.2d 1267 (1983) and *Joseph Ciccone & Sons, Inc. v. Lower Saucon Township Zoning Hearing Board,* 115 Pa.Commonwealth 238, 539 A.2d 942 (1988), to support the conclusion that deemed approval will not be granted where extenuating circumstances cause a hearing to be held more than sixty days after an applicant files a request, and the board conscientiously pursues timely disposition of that request. This standard is not supported by those cases, exists nowhere in our case law, and is inconsistent with the intent of § 908(9).

In *Ciccone,* Ciccone applied for a variance on February 21, 1986. A hearing was scheduled for March 17, 1986. Applicant's attorney orally requested a postponement of that hearing and stated that the next regular monthly hearing date, April 21, 1986 "sounded fine" to him. The board was unable to muster a quorum on April 21, 1986, and the hearing was actually held on May 5, 1986, some seventy-three days after Ciccone's application. However, we held that because the thirty-five day delay between March 17, 1986, and April 21, 1986 could be attributed to

the request of applicant's counsel for a postponement, a deemed decision in favor of the applicant was inappropriate.

In *Price*, Price filed a validity challenge on March 13, 1981. The board scheduled a hearing for April 22, 1981, at which Price appeared and objected to the hearing of evidence, because the notice of hearing had inaccurately described the intended use of the property. Price's counsel expressed gratitude after the board continued the hearing until its next meeting on May 27, 1981, and directed that the advertisement be restated as described by Price's counsel. We held there, that deemed approval was inappropriate because the May 27, 1981 meeting was a continuation of the April hearing, rather than a new hearing, and because the zoning hearing board had conscientiously pursued the purpose of a timely disposition of the applicant's matter.[7]

*Price* and *Ciccone* are distinguishable from this case, because in each of those cases the zoning hearing board conscientiously pursued the disposition of the applicant's request by scheduling and holding a hearing within sixty days of filing. Any delay was due to the applicant's request for a postponement or a continuance.[8] In the case before us, the board did not attempt to hold nor even schedule a hearing until December 19, 1988, some ninety-three days after the application was filed.

The borough's explanation of its delay was based solely on the unanticipated illness suffered by its counsel. While we recognize that Cottom's situation was indeed unfortunate, the personal difficulties he experienced do not relieve the board of its duty to conduct a hearing within sixty days. Cottom was aware of the application before leaving on

7. Although we discussed the application of § 908(9) in *Price*, our decision there was based on MPC § 1004(2)(f), 53 P.S. § 11004(2)(f).

8. We have also held that the sixty-day hearing requirement has been met where such hearing was defective because of a lack of notice to the applicant, *Penn Advertising*, or where a board heard arguments of counsel but decided to take no additional evidence. *Atlantic Richfield*. These decisions, like those in *Ciccone* and *Price*, were based on the intent of § 908(9) to prevent delay, procrastination, and frustration of decision by the board, and the essential fact that a hearing was commenced within sixty days.

vacation and had, in fact, returned from Spain in late October. Although he worked on a part-time basis until November 13, 1988, Cottom failed to schedule a hearing, request an extension, or suggest that the board retain other counsel to assist it in meeting its obligations.

In light of these options, we do not believe that the board conscientiously pursued the timely disposition of the Grims' application. Although Cottom's office corresponded with Venzke to apprise him of Cottom's situation, such courtesy fails to satisfy the mandate of § 908(9) which clearly entitled the Grims to a timely hearing. Therefore, the trial court erred by denying the Grims' request for deemed approval of their application.

Accordingly, we reverse the trial court's grant of summary judgment in favor of the borough, and remand with directions that the trial court grant summary judgment in favor of the Grims.

## ORDER

NOW, this 25th day of July, 1991, the order of the Court of Common Pleas of Berks County, No. 5973 Equity 1989, dated April 18, 1990, is reversed and remanded with instructions that the trial court grant summary judgment in favor of the Grims.

Jurisdiction relinquished.