CONCEPTUAL DEVELOPMENT, INC.
and Landmark Properties, Inc.

v.

The ZONING HEARING BOARD
OF HAMPTON TOWNSHIP

v.

Township of Hampton.

Conceptual Development, Inc. and
Landmark Properties, Inc.

v.

Council of the Township of Hampton

Conceptual Development, Inc. and
Landmark Properties, Inc.,
Appellants.

Commonwealth Court of Pennsylvania.

Argued May 3, 2005.

Decided June 2, 2005.

Blaine A. Lucas, Pittsburgh, for appellants.

Christina E. McKaveney–Malkin, Pittsburgh, for appellee, Township of Hampton.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Conceptual Development, Inc. (Conceptual Development) and Landmark Properties, Inc. (Landmark) (collectively, Landowners) appeal from the October 6, 2004, order of the Court of Common Pleas of Allegheny County (trial court), which affirmed the decision of the Hampton Township (Township) Zoning Hearing Board (ZHB), denying Landowners' request for a variance in connection with the parking and landscaping requirements set forth in the Township's Zoning Ordinance (Ordinance). The issue before us is whether Landowners were entitled to a deemed approval under section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9). We hold that Landowners were so entitled, and we reverse and remand.

Landowners own a 5.7–acre parcel located in a highway commercial district at the intersection of Route 8 and McNeal Road, Allison Park, in the Township on which a commercial building and parking lot are situated (Property). Early in 2002, Landowners submitted an application for site plan approval to replace the existing rear parking area with a 9,000 square foot re-

tail/office building. At a Township Council (Council) meeting on March 13, 2002, the Township Solicitor (Solicitor) questioned whether the planned parking and landscaping was in accordance with the current ordinance. The Solicitor subsequently informed Landmark in a telephone conversation that he interpreted the Ordinance to apply not only to the proposed expansion, but also *retroactively* to the existing building on the Property. The Solicitor told Landmark that if it did not agree with this interpretation, Landmark could appeal to the ZHB or seek a variance from the ZHB.[1]

Landowners filed an appeal with the ZHB, seeking an interpretation of the Ordinance's parking and landscaping requirements. Additionally, in an April 30, 2002, letter to the ZHB, Landowners requested that:

> [T]o the extent said zoning ordinances are not interpreted as permitting construction of the proposed building without bringing the entire parcel into compliance with current off-street parking and landscaping requirements ... the [Landowners] may construct the proposed building as the continuation of a non-conforming structure or use under the theory of vested rights or by variance or variance by estoppel.

(April 30, 2002, Letter from Landmark to the ZHB, R.R. at 29a.)

The ZHB held hearings on the matter on May 28, 2002, and, subsequently, Landowners submitted a memorandum in support of their appeal setting out arguments on each of their theories of relief.[2] (Memorandum in Support of Appeal, R.R. at 30a–38a.) At the ZHB's request, Landmark agreed by letter dated July 1, 2002, to extend the forty-five-day time period in which the ZHB was required to render a decision on Landowners' appeal. Section 908(9) of the MPC, 53 P.S. § 10908(9). This letter stated in pertinent part: "Landmark Properties agrees that it is in the best interest of all concerned to have the entire [ZHB] present to decide our requested variance [sic] accordingly we will waive the time period in which the [ZHB] has to rule upon our variance until July 25, 2002." (July 1, 2002, Letter from Landmark to the ZHB, R.R. at 67a.)

On July 22, 2002, at a public meeting of the ZHB, the Chairman announced that the ZHB would deny Landowners' requests for relief because no justiciable issue had been raised. However, no written decision of the ZHB was provided until August 1, 2002, when Landowners received a written decision of the ZHB via facsimile.[3] In this written decision, as had been orally announced on July 22, 2002, the ZHB denied Landowners' variance request, reasoning that Landowners complained of a "matter [that] does not fall

---

**1.** The Solicitor recounted this interaction on the record at a Council hearing on March 27, 2002. (R.R. at 15a.)

**2.** The Township did not participate in the proceedings before the ZHB; however, in June 13 and June 14, 2002, letters to the ZHB, the Solicitor objected to the ZHB considering any "interpretation" issues because such issues come under the purview of the Council and not the ZHB. (June 13, 2002, and June 14, 2002, Letters from Solicitor to the ZHB, R.R. at 39a–45a.) In light of the Solicitor's letters to the ZHB, Landmark, by letter

to the ZHB, withdrew its request that the ZHB "interpret" sections of the Ordinance but reiterated its "requests that the [ZHB] rule upon all of the other alternative theories of relief contained in ... its Memorandum in Support of Appeal, specifically its requests dealing with vested rights, variance and variance via estoppel." (June 19, 2002, Letter from Landmark to the ZHB, R.R. at 64a–66a.)

**3.** On August 6, 2002, Landowners received a copy of the decision via certified mail which had been mailed on August 2, 2002.

within [the appellate jurisdiction of the ZHB] as no formal determination has been made by the Township that a variance is required." (August 1, 2002, Decision of the ZHB, R.R. at 71a.)

Landowners appealed the decision of the ZHB to the trial court and included in their Notice of Land Use Appeal the issue of whether the ZHB's failure to render a written decision within the extended time period, i.e., before July 25, 2002, resulted in a deemed approval of Landowners' request for variance under section 908(9) of the MPC.[4] Without addressing this issue, the trial court remanded to the ZHB to take testimony and make a determination as to whether a non-conforming use can be established and whether a vested right or variance by estoppel exists.

The ZHB held hearings pursuant to the trial court's remand order and denied Landowners' appeal based on the theories of non-conforming use, vested rights and variance by estoppel. The ZHB did not address the issue of whether its failure to render a written decision by the July 25, 2002, extension date resulted in a deemed approval of Landowners' request for a variance.

Once again, Landowners appealed the ZHB's decision to the trial court, seeking review of the issues decided by the ZHB

as well as the "deemed approval" issue which the trial court had yet to consider. In that regard, the trial court determined that no "deemed approval" was warranted. The trial court stated:

> On July 1, 2002, [Landowners] agreed to an extension until July 25, 2002, for the [ZHB] to render a decision. On July 22, 2002, the [ZHB] met and their decision was announced. The [ZHB] then had 45 days from July 22, 2002 to render their written decision. On August 1, 2002, [Landowners] received a copy of the [ZHB's] written decision. [Landowners] are not entitled to a deemed approval because the [ZHB] rendered a written decision within 45 days of July 22, 2002.

(Trial ct. op. at 3.) In its October 6, 2004, order, the trial court affirmed the decision of the ZHB denying Landowners' appeal.

On appeal to this court,[5] Landowners raise only one argument: that because the ZHB failed to render a written decision by the July 25, 2002, extension date granted by Landowners, Landowners are entitled to a deemed approval under section 908(9) of the MPC, 53 P.S. § 10908(9). We agree.

Section 908(a) of the MPC, requires that the ZHB "render a written decision ... within 45 days after the last hearing be-

---

**4.** Section 908(9) of the MPC states in pertinent part:

> (9) The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board.... Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found....

> [W]here the board fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

**5.** Where, as here, the trial court has taken no additional evidence, our review is limited to determining whether the ZHB abused its discretion or committed an error of law. *Swedeland Road Corporation v. Zoning Hearing Board*, 107 Pa.Cmwlth. 611, 528 A.2d 1064 (1987), *appeal denied*, 518 Pa. 621, 541 A.2d 748 (1988).

fore the [ZHB]" and states that "where the [ZHB] fails to render the decision within the period required ... the decision shall be deemed to have been rendered in favor of the applicant *unless the applicant has agreed in writing or on the record to an extension of time.*" (Emphasis added.)

In *Swedeland Road Corporation v. Zoning Hearing Board,* 107 Pa.Cmwlth. 611, 528 A.2d 1064 (1987), *appeal denied,* 518 Pa. 621, 541 A.2d 748 (1988), as in the present case, the applicant, upon request from the zoning hearing board, agreed in writing to an extension of time in which the zoning hearing board could render its decision. We held that the effect of an applicant's written agreement to an extension of the time in such a case is to bind the zoning hearing board to render its decision *by the date specified in the written extension.* In *Swedeland* we stated:

The effect of this written extension was to bind the [zoning hearing board] to render a decision *by that date.* Indeed, to hold otherwise would leave an applicant signing an extension with no means of preventing the [zoning hearing board] from unbridled tardiness in rendering a

decision, thereby frustrating the intention of the MPC.

*Swedeland,* 528 A.2d at 1066 (emphasis added) (footnote omitted). Thus, because Landowners granted a written extension to the ZHB until July 25, 2002, and the ZHB failed to render a written decision by that date, Landowners' request for a variance is deemed approved. Section 908(9) of the MPC, 53 P.S. § 10908(9); *Swedeland.*[6]

Even so, the Township, citing to *H.R. Miller Co., Inc. v. Bitler,* 21 Pa.Cmwlth. 466, 346 A.2d 887 (1975), argues that a "deemed approval" under section 908(9) of the MPC is only permissible if the ZHB had the power to render a decision on the questions brought before it by the applicant. The Township argues that in this instance the ZHB had no such power. We disagree.

Section 909.1(a)(5) of the MPC[7] states that: "(a) The [ZHB] shall have exclusive jurisdiction to hear and render final adjudications in the following matters: ... (5) *Applications for variances* from the terms of the zoning ordinance ... pursuant to section 910.2."[8] (Emphasis added.)

---

6. The Township argues that Landowners' extension, by failing to state that a written decision was required, authorized the ZHB to render their decision *orally.* However, both the MPC and our case law clearly require that a rendered decision must be issued *in writing,* regardless of the fact that Landowners failed to specify as much in their written extension. Section 908(9) of the MPC; *Pocono Sales Corp. v. Bear Creek Township,* 119 Pa.Cmwlth. 594, 547 A.2d 846 (1988); *Swedeland; Borough of Prospect Park, Delaware County v. Molnar,* 57 Pa.Cmwlth. 99, 426 A.2d 1193 (1981); *Quality Food Markets, Inc. v. Zoning Hearing Board,* 50 Pa.Cmwlth. 569, 413 A.2d 1168 (1980). Thus, we reject the Township's argument that the ZHB's oral announcement on July 22, 2002, was sufficient to satisfy the MPC.

7. Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1.

8. Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. Section 910.2 of the MPC states that the ZHB shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant and *allows the ZHB to require preliminary application to the zoning officer.* 53 P.S. § 10910.2. However, the Township's Ordinance in this case does **not** allow the ZHB to require applicants for variances to file a preliminary application with the zoning officer. *See* sections 15.415 and 15.510 of the Ordinance (stating that the ZHB has exclusive jurisdiction over and shall hear requests for variances). In fact, under the Ordinance, the Township's zoning officer has **no authority** to consider requests for variances. *See* Article 18 of the Ordinance (relating to administration of the Ordinance).

Thus, under section 909.1(a)(5) of the MPC, the ZHB had jurisdiction to approve the variance requested by Landowners.[9]

Accordingly, we reverse and remand.

*ORDER*

AND NOW, this 2nd day of June, 2005, the October 6, 2004, order of the Court of Common Pleas of Allegheny County (trial court) is hereby reversed, and this case is remanded to the trial court with directions that the trial court remand to the Hampton Township Zoning Hearing Board to grant the variance pursuant to the foregoing opinion.

Jurisdiction relinquished.

9. The Township also argues that the ZHB lacked jurisdiction to approve a variance because Landowners never requested a variance in their application to the ZHB. However, although Landowners did not initially check the "variance" box on the notices of appeal to the ZHB, (R.R. at 17a–20a, 23a–26a), Landowners effectively amended their notice of appeal to include the "continuation of a nonconforming structure or use under the theory of vested rights or by variance or variance by estoppel," (April 30, 2002, Letter from Landmark to the ZHB, R.R. at 29a), and Landowners argued each of these theories of relief in their Memorandum in Support of Appeal, (Memorandum in Support of Appeal, R.R. at 30a–38a). Furthermore, when Landowners withdrew their request that the ZHB "interpret" the Ordinance, they conceded that they needed a variance for the purposes of their application before the ZHB and reiterated their requests that the ZHB rule upon all of the other alternative theories of relief contained in their Memorandum in Support of Appeal, specifically their requests dealing with vested rights, variance and variance via estoppel. (June 19, 2002, Letter from Landmark to the ZHB, R.R. at 64a–66a.) Thus, Landowners clearly requested a variance.