In Re: Appeal of Grace Building Co., Inc., From the Decision of the Zoning Hearing Board of Doylestown Township, as to Lot 5, Shady Retreat Road, Edgewood Hills, Doylestown Township, Bucks County, Pa. Grace Building Co., Inc., Appellant.

Argued April 6, 1979, before Judges Wilkinson, Jr., Blatt and MacPhail, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*Stephen B. Harris,* for appellee.

Opinion by Judge Wilkinson, Jr., May 14, 1979:

This is an appeal from an order of the Court of Common Pleas of Bucks County which affirmed a decision of the Zoning Hearing Board (Board) of Doylestown Township denying appellant's application for a variance to construct a dwelling on an undersized lot. The sole question raised in this appeal is whether the court correctly determined that a timely hearing was held pursuant to Section 908(9) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9). For the following reasons we conclude the court's determination was correct and therefore affirm.

The appellant on December 3, 1975 submitted two applications regarding the lot in question to the township zoning officer, one a request for a building permit and the second an application for a "special ex-

ception [or] variance" nominally addressed to the Board but accepted by the zoning officer. On December 12, 1975, the zoning officer rejected the application for a "Building/Zoning Permit" on the ground that the lot did not conform with the original size as recorded in the plot plan and required by the zoning ordinance. No further action was taken on this application until January 7, 1976 when the township clerk wrote appellant concerning the December 12 letter, "Please advise if you wish to have your application for a variance processed or returned to you." On February 4, 1976, applicant responded by filing a second application for a "special exception [or] variance," on a township form identical to that of the first. On March 15, 1976, a public hearing was held on the requested variance and the application was denied by the Board on April 19, 1976. On appeal, appellant contended, as he argues here, that his first application of December 3, 1975 should have been deemed approved by virtue of the failure of the Board to hold a hearing within 45 days of the application.

Section 908(9) of the Code as originally enacted provided that the failure of a zoning hearing board to render a decision within 45 days of the last hearing on the application would result in the action deemed approved in favor of the applicant. By amendment contained in Section 1 of the Act of December 10, 1974, P.L. 822, the 45-day rule was expanded to provide that where the Board fails to "hold the required hearing, within forty-five days from the date of the applicant's request for a hearing the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time."

The threshold, and we believe dispositive question in this case is whether the appellant had within the meaning of Section 908(9) requested a hearing when

it made its initial application to the Board. The answer to this question is in essence a procedural matter since the approval is deemed to have occurred by operation of law for failure of the Board to act in accordance with the Code and township regulations promulgated thereunder. Therefore, we begin with an analysis of the relevant provisions of the township ordinance governing procedure before the Board. Section 1904 of the township ordinance provides that "All action before the Board shall be initiated by a written application for hearing which shall be filed with the Zoning officer at least two weeks prior to the meeting at which the particular matter is to be heard." Section 1905 provides that "all appeals from the zoning officer and all requests for variances . . . shall be filed within thirty (30) days following the refusal of the zoning officer to grant a building permit." It seems clear when reading these two sections together that the ordinance contemplates a request or application for a hearing to the Board shall be made after the zoning officer takes action on the request to grant a building permit. Such a construction is consistent with Section 912 of the Code, 53 P.S. §10912, which provides that the Board "may require preliminary application to the zoning officer." Although the township form application captioned "Application to the Zoning Hearing Board of Doylestown Township" for a "special exception variance" is silent on the matter of a hearing, we believe it clear that once the appellant received notice from the zoning officer that his application was rejected by the zoning officer, he was also put on notice that Section 1904 of the zoning ordinance required that he make a request for a hearing to the Board at that time. Indeed, it seems apparent that the township was proceeding in accordance with Sections 1904 and 1905 of its ordinance in its letter of January 7, 1976 request-

ing that the appellant indicate whether he wished the application for a variance processed. Further, had petitioner promptly replied to this request it is clear that the Board could have acted within 45 days of the original application. This Court has frequently noted that Section 908(9) as originally enacted was intended to remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials. *See, e.g., Foltz, Jr. v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). This rationale is equally applicable to requests for a hearing before the Board. However, it is clear that in this case the protracted length of time from the first submission of appellant's proposal to the date of a hearing was occasioned not by negligence or deliberate delay on the part of township authorities but rather by the inaction of appellant. We conclude, therefore, that appellant's application filed December 3, 1976 did not within the meaning of Section 908(9) constitute a "request for a hearing."[1]

Accordingly, we will enter the following

ORDER

AND Now, May 14, 1979, the order of the Court of Common Pleas of Bucks County, Civil Division, No. 76-4672, dated May 3, 1977, is hereby affirmed.

---

[1] While it is not entirely clear from the record of the hearing that the Board viewed the second application as a request for a hearing, it is clear that the Board in fact treated the application as such. Further, the record indicates that appellant submitted only one filing fee for both "applications." Finally, appellant admits that it never asserted to the Board that it viewed the December 3, 1975 application as a request for a hearing. Appellant's argument on this point, that it wished to proceed to a hearing because a decision on the merits would be res judicata in a subsequent action, is without merit since res judicata would apply equally if Section 908(9) were to apply.