Walter W. Price, Walter M. Price and Gail Price Geiger, Appellants *v.* The Zoning Hearing Board of Hanover Township, Lehigh County, Appellee.

Walter W. Price, Walter M. Price and Gail Price Geiger, Appellants *v.* The Zoning Hearing Board of Hanover Township, Lehigh County, Appellee.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

6

B. *Ryland Wiggs*, for appellants.

*J. Jackson Eaton, III, Butz, Hudders & Tallman,* for appellee.

OPINION BY JUDGE ROGERS, February 9, 1983:

The appellants, Walter M. Price, Walter W. Price and Gail Price Geiger, own about five acres of land located in a residential zoning district of Hanover Township, Lehigh County, Pennsylvania. Desiring to use their land as a place to buy and sell scrap metal and scrapped or abandoned motor vehicles, machinery and equipment they filed with the township zoning hearing board a validity challenge to the zoning ordinance pursuant to Section 1004(2)(a) of the Pennsyl-

vania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(2)(a). The challenge was based on the claimed total prohibition of the use of land in the township for buying and selling scrap and metal and scrapped or abandoned motor vehicles, machinery and equipment.

The challenge was filed March 13, 1981. The board scheduled a hearing by giving public notice that the subject of the hearing was the appellants' challenge to the validity of the zoning ordinance with regard to restrictions on the locations of junkyards in the township. The appellants appeared April 22, 1981 and objected to the hearing of evidence because the notice had described their intended use as a junkyard not a scrap metal reclamation enterprise. The hearing was continued until the next board meeting May 27, 1981. The record reveals that the chairman of the board stated: "However, we make a unanimous decision that this hearing be continued, that the advertisement be restated as described by Attorney Wiggs [the appellants' counsel] and have a continuation to the next zoning meeting for this case." The appellants' counsel responded "I am sure Mr. Coleman [the secretary] can send us notice. Thank you."

Neither the appellants nor their counsel appeared at the May 27, 1981 hearing and the board dismissed the challenge for want of prosecution and duly notified the appellants in writing.

On July 13, 1981, the appellants filed an action in mandamus in the Lehigh Court of Common Pleas contending that because a hearing was not held by the board until May 27, 1981, more than sixty days from the date of the filing of their complaint, their challenge should be deemed approved pursuant to Section 908(9) of the MPC, 53 P.S. §10908(9) and seeking an order on the township that its proposal for a scrap metal yard be approved. The township filed prelimi-

nary objections to this action in the nature of a demurrer, which the trial court sustained and the appellants' appeal from that action is that docketed at No. 3073 C.D. 1981.

On July 13, 1981, the appellants also filed an appeal from the zoning hearing board's action dismissing the validity challenge for failure of prosecution. The court reviewed the record made by the zoning hearing board, and held that the zoning hearing board's findings were supported by the evidence, that its conclusions were proper and that it had not committed an abuse of discretion and dismissed the court appeal. The appellants' appeal of this action to this court is docketed to No. 3180 C.D. 1981. We consolidated the appeals in this court.

The central point of the court's decision was that the zoning hearing board held a hearing on April 22, 1981, a date forty days after the appellants' application, and that it had therefore satisfied all requirements of the MPC.

The appellants contend that this is a case for the application of Section 908(9), 53 P.S. §10908(9) which provides:

> Where the board ... fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.

and that the continued hearing of May 27, 1981, was more than sixty days after the March 13, 1981 filing. As we will later show Section 908(9) is not applicable; but if it were the zoning hearing board complied. As the colloquy quoted earlier demonstrates, the chairman of the board expressly *continued* the April 22, 1981 hearing to a day certain, receiving the appellants' counsel's expression of gratitude. The May 27, 1981

meeting was a continuation of the April hearing, not a new hearing. Moreover, the deemed approval rules of the MPC are designed "to assure applicants of timely decisions on their zoning applications, and zoning boards under this rule can no longer effectively frustrate or prohibit lawful land uses by refusing to act on zoning applications." *Appeal of Emmanuel Baptist Church*, 26 Pa. Commonwealth Ct. 427, 437, 364 A.2d 536, 541 (1976). The record in this case reveals a zoning hearing board conscientiously pursuing the purpose of a timely disposition of the appellants' matter.

Since the appellants' original filing was a validity challenge, not MPC Section 908(9), but MPC Section 1004(2)(f) was applicable. The latter reads:

> (f) The board or the governing body, as the case may be, shall hold a hearing upon the landowner's request pursuant to Sections 609.1, 910, or 913.1, whichever is applicable, commencing not later than sixty days after the request is filed unless the landowner requests or consents to an extension of time.

This provision contains no stricture of deemed approval for the failure to hold the first hearing within sixty days. In *Beekhuis v. Zoning Hearing Board of Middletown Township*, 59 Pa. Commonwealth Ct. 307, 429 A.2d 1231 (1981), we held that the absence from Section 1004(2)(f) of the reference to deemed approval, meant that the legislature did not intend that consequence of a failure timely to hold the hearing to obtain. *See also Appeal of Crossley*, 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981).

Finally, we agree with the trial court that the appellants' contention that their filing fee should be refunded because this was a challenge to the ordinance, not an appeal to the zoning hearing board for which a township regulation required a fee, was without merit.

Orders affirmed.

ORDER IN 3073 C.D. 1981

AND NOW, this 9th day of February, 1983, the order of the Court of Common Pleas of Lehigh County dated November 4, 1981, dismissing the appellants' complaint in mandamus is affirmed.

---

ORDER IN 3180 C.D. 1981

AND NOW, this 9th day of February, 1982, the order of the Court of Common Pleas of Lehigh County dated December 14, 1981 is affirmed.