468

John P. Wudkwych and Anna Marie Wudkwych, his wife, Appellants *v.* The Borough of Canonsburg et al., Appellees.

Argued March 14, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

John P. Liekar, Jr., for appellants.

Patrick C. Derrico, Greenlee, Derrico, Posa & Harrington, for appellees.

OPINION BY JUDGE BLATT, August 8, 1984:

John. P. Wudkwych and Anna Marie Wudkwych (appellants) appeal here an order of the Court of Common Pleas of Washington County dismissing a mandamus action initiated by the appellants to compel the zoning officer for the Borough of Canonsburg to provide them with an application for an occupancy permit, to issue the requested permit and to direct certification of the permit by the Zoning Hearing Board of the Borough of Canonsburg (Board).

On January 5, 1982 the appellants filed a variance petition with the Board[1] on a form provided by the Borough. They also filed a letter in which their counsel asked the Board to advise him of ''any additional requirements and . . . of the hearing date granted.'' In a letter dated February 18, 1982 the zoning officer informed the appellants directly that he had been advised by the borough solicitor that their application was invalid, and he enclosed a list of the alleged defects.[2] In a letter dated February 22, 1982, addressed to the zoning officer, the appellants objected to the submission of their variance application to the bor-

---

[1] In their variance petition, the appellants sought to obtain approval of a plan to remodel a two-story structure located in an R2-Medium Density-Residential district for the purposes of operating a restaurant.

[2] The alleged defects included: (1) improper district designation; (2) improper ordinance section listed; (3) vague description of proposed use; (4) only one owner signature; (5) the attached plans did not indicate who prepared them and were generally inadequate; and (6) the notation on check for filing fee contained improper references.

ough solicitor for preliminary approval but, nevertheless, they provided information to supplement their original petition "in the interest of having this matter disposed of." This letter also contained a request that the zoning officer forward the original petition along with the supplemental information to the Board "immediately, inasmuch as the Wudkwychs [appellants] desire that a hearing be held on the Variance Petition filed January 5, 1982."

The zoning officer's reply dated February 26, 1982 advised the appellants to file a new petition because "the suggestion that I made that you amend your last petition is not acceptable to him [the borough solicitor]." The zoning officer also wrote that, if the new petition was submitted by March 4, a hearing could be scheduled for March 25.

On April 6, 1982 the zoning officer denied the appellants' request for an application for an occupancy permit, and the next day he returned their filing fee for the variance petition and again suggested that they file a new petition. The appellants responded on April 8th by filing the present mandamus complaint. The Board then placed a notice in the local newspaper on April 17 that it would consider the appellants' request for a variance on April 21, 1982.

Although the appellants received notice of the scheduled hearing, they chose not to attend. Instead, they wrote to the Board that their absence was due to their belief that the failure of the Board to schedule a hearing within sixty (60) days of the filing of their variance petition on January 5 gave rise to a "deemed" approval of their request for a variance pursuant to Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[3] They also contended that the notice they received was inade-

---

[3] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(9).

quate because Section 802.1 of the Zoning Ordinance of the Borough of Canonsburg requires that notice be given fifteen (15) days prior to any hearing. The parties subsequently reached an agreement to suspend all proceedings before the Board pending the outcome of the mandamus action.

Following a trial on the merits, the trial court dismissed the mandamus complaint, holding that Section 908(9) of the MPC, 53 P.S. §10908(9) did not apply to award a "deemed" approval of the variance petition where an applicant failed to make a specific request for a hearing in the petition. The trial court found that neither the original variance petition nor the accompanying letter had requested a hearing and that the sixty day time period within which the Board must schedule a hearing under Section 908(9) of the MPC did not begin to run here until February 22. Additionally, the trial court concluded that the appellants had failed to prove that the borough officials deliberately or negligently refused to set a hearing date. The present appeal ensued.

The only issues before us here are (1) whether or not the trial court erred in finding that the appellants' original variance petition did not trigger the sixty day period during which the Board must afford an applicant a hearing pursuant to Section 908(9) of the MPC, 53 P.S. §10908(9) and (2) whether or not the trial court consequently erred in dismissing the appellants' mandamus complaint.

The appellants contend that their letter dated January 4, 1982, which was filed along with their variance application, contains language indicating that a hearing was requested before the Board. On the other hand, the Board submits that no formal request for a hearing was made until the letter of February 22 was received by the zoning officer and that the hearing held on April 21 was within 60 days

of February 22. The trial court, relying on *Appeal of Grace Building Company, Inc.,* 42 Pa. Commonwealth Ct. 589, 401 A.2d 407 (1979), found that the January 4th letter was "not an unambiguous request for a hearing date" and that the February 22 letter was "the first clear request for a hearing by the plaintiffs [appellants]."

In *Appeal of Grace Building Company, Inc.,* this Court found that, when the applicant submitted petitions for a building permit and a special exception to the Zoning Hearing Board of Doylestown Township, he failed to request a hearing *as required under. Section 1904 of the Doylestown Zoning Ordinance* and, therefore, the fact that the Board did not afford the applicant a hearing within 60 days would not work to award him a "deemed" approval of his petitions. However, the facts in *Appeal of Grace Building Company, Inc.* are distinguishable from those before us here because, while Doylestown had an ordinance requiring a written application for a hearing before the zoning hearing board, the zoning ordinance of the Borough of Canonsburg does not contain a similar provision.

Moreover, the trial court's opinion acknowledges that the zoning officer admitted that he regularly scheduled hearings before the Board without any formal request in routine matters. And, Section 614 of the MPC, 53 P.S. §10614 states that "[t]he zoning officer shall administer the zoning ordinance in accordance *with its literal terms,* and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance." (Emphasis added.) We believe, therefore, that it would be *improper* for the zoning officer here to refuse to schedule a hearing without receiving a formal request because the ordinance contains no such prerequisite. Consequently, the question of

whether or not the January 4 letter accompanying the variance petition contained a specific request for a hearing is irrelevant. We would also note that any question regarding the sufficiency of the variance petition appears to be moot inasmuch as the Board apparently conceded that the contents of the petition were adequate when it decided to hold a hearing on April 21 to decide the merits of the appellants' request for a variance.

As to whether or not mandamus will lie, we are, of course, cognizant that "mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . ." *Travis v. Teter*, 370 Pa. 326, 330-31, 87 A.2d 177, 179 (1952) (emphasis in original).

Here, the appellants filed a variance petition on January 5, 1982 for which a hearing was held on April 21, 1982. And, Section 908(9) clearly states that "[w]here the board . . . fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time." 53 P.S. §10908(9). We have already determined that the act of filing a variance petition also acted as a request for a hearing before this Board, and the record contains no evidence that the appellants agreed to an extension of time. We must hold, therefore, that the appellants are entitled to a "deemed" approval of their variance petition because a hearing was not scheduled to consider their request within sixty days of the filing of the petition.

It also follows that the appellants would be eligible for an occupancy permit upon application. In fact,

474

we are unaware of any statute which would empower a zoning officer to deny *an application form* to appellants.

Accordingly, we will reverse the dismissal of the appellants' complaint in mandamus and remand for further proceedings not inconsistent with this opinion.

ORDER

AND Now, this 8th day of August, 1984, the order of the Court of Common Pleas of Washington County in the above-captioned case is hereby reversed and the matter is remanded for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.