## Joseph Ciccone & Sons v. Lower Saucon Township Zoning Hearing Board

*Wesley M. Wasylik,* for plaintiff.
*George A. Heitczman,* for defendant.
*E. Keller Kline III,* for intervening defendants.

FRANCIOSA, *J.,* May 5, 1987—This matter comes before the court upon plaintiff's complaint in mandamus seeking an order commanding approval of its zoning application under the "deemed approval" provisions of 53 P.S. §10908(9). The parties have submitted a stipulated set of facts and have offered oral argument on this matter. Based upon our review of the record, we find the following to be relevant for our disposition of this case.

Plaintiff, Joseph Ciccone & Sons, is a Pennsylvania partnership which is the equitable owner of a 140-acre tract of land located in Lower Saucon Township, Northampton County, Pa. by virtue of a purchase option agreement with Bethlehem Steel Corp. The property is in an R-A district under the provisions of the township zoning ordinance.

On January 13, 1986, plaintiff requested a rezoning of the property from R-A to Industrial in order to allow the property to be used for a stone quarry operation. On February 10, 1986, the planning commission voted against the request to re-zone and instructed plaintiff to appeal to the zoning hearing board.

On February 21, 1986, plaintiff, through its attorney, James L. Broughal, filed an appeal with the board requesting a variance, including a validity

variance to utilize the property for the operation of a stone quarry. Upon filing of this appeal, a hearing was scheduled by the board for March 17, 1986. However, on or about March 5, 1986, Broughal telephoned Eleanor Resetar, the secretary of the zoning hearing board, and requested a continuance because of the unavailability of some of his expert witnesses who woud be unable to testify on March 17, 1986.

That hearing was then rescheduled by Resetar to April 21, 1986. This date was chosen because it was the third Monday of the month, the regularly scheduled meeting date for the board in April 1986. However, Resetar thereafter learned that one of the three board members was going to be on vacation, and another board member would not be participating because of a conflict of interest, leaving only one member of the board available on April 21, 1986. Because the zoning ordinance requires a vote of at least two members, a hearing could not be held on that date. The next available date was May 5, 1986. At the time this date was set, there was no objection on behalf of plaintiff. That date was 73 days after the filing of appellant's appeal and request for hearing.

Subsequently, hearings were held on May 5, May 14, July 28, and July 29, 1986. Plaintiff did not object at any of these hearings on the grounds that the hearing had not begun within 60 days of the date of the filing of the appeal.

On September 10, 1986, plaintiff received written communication from the board denying its request for a variance. On October 6, 1986, plaintiff thereafter filed the instant mandamus action and a precautionary zoning appeal to the decision of the board denying the requested variance. Plaintiff claims in its mandamus action that the board failed

to hold a hearing within 60 days as required by section 908(9) of the code, and therefore, the request for a variance, including a validity variance to use the property for the operation of a stone quarry, is deemed approved.

On December 15, 1986, William D. and Kathryn B. Baker intervened in the instant mandamus action by filing an answer in new matter to plaintiff's complaint. Plaintiff thereafter filed a reply to the Bakers' new matter. On January 21, 1986, the Steel City Fire Company and Community Association were also permitted to intervene in the instant mandamus action.

Plaintiff contends that under section 908(9) of the Pennsylvania Municipalities Planning Code, the board's failure to hold a hearing within 60 days of appellant's filing of the appeal and request for a hearing on February 21, 1986, results in a deemed approval in his favor. Section 908(9) of the M.P.C., 53 P.S. §10908(9), provides:

"Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time."

The board concedes that a hearing was held 73 days after the date of plaintiff's request for a hearing. And, it is also uncontested that plaintiff did not agree in writing to an extension of time. Nevertheless, the board contends that the delay was caused by plaintiff, who waited until 12 days prior to the originally scheduled hearing to request a continuance and who should not now be heard to complain about the delay caused by his request. Further, the board urges that the delay of 13 days past the 60-day

requirement was a reasonable one and was incident to the request for a continuance.

Our search of the caselaw has revealed no appellate cases treating this precise situation. We therefore begin by turning to a leading textual authority on zoning in Pennsylvania, Pennsylvania Zoning Law in Practice by Robert S. Ryan, which states in section 9.4.12, page 80:

"Where the applicant asks for a continuance or an additional hearing, delay reasonably incident to that request clearly cannot result in a 'deemed' decision in the applicant's favor."

Moreover, the courts have frequently noted that section 908(9) as originally enacted was intended to remedy indecision and protracted deliberations on the part of zoning hearing boards and to eliminate deliberate or negligent inaction by public officials. This rationale has been held equally applicable to requests for a hearing before the board. See *Appeal of Grace Building Co. Inc.*, 42 Pa. Commw. 589, 401 A.2d 407 (1979).

The closest case dealing with the issue before us is *Price v. Zoning Hearing Board of Hanover Township, Lehigh County*, 72 Pa. Commw. 5, 455 A.2d 1267 (1983). In *Price*, the appeal was filed on March 13, 1981, and the hearing was scheduled for April 22, 1981. The applicant appeared at the hearing and objected to the hearing of evidence because the notice had described his intended use as a junkyard and not as a scrap metal reclamation enterprise. Without any evidence being presented, the hearing was continued until the next board meeting on May 27, 1981. The applicant did not appear at the May 27, 1981, hearing. However, on July 13, 1981, the applicant filed an action in mandamus contending that because the hearing was not held by the board until May 27, 1981, more than 60 days

from the date of the filing of their complaint, their challenge should be deemed approved pursuant to section 908(9).

Although in dicta, Judge Rogers stated:

"As we will later show section 908(9) is not applicable; but if it were, the zoning hearing board complied. As the colloquy quoted earlier demonstrates, the chairman of the board expressly continued the April 22, 1981, hearing to a day certain, receiving the applicant's counsel's expression of gratitude . . . The record in this case reveals a zoning hearing board conscientiously pursuing the purpose of a timely disposition of the appellant's matter."

In *Price,* the board promptly scheduled a hearing 40 days after the appeal was filed. In the present case, the hearing was scheduled 24 days after the appeal was filed. The main difference with the *Price* case, therefore, is that the continuance in *Price* was requested at the hearing whereas in this case, the continuance was requested prior to the scheduled hearing. In both cases, the subsequently rescheduled hearing occurred more than 60 days from the filing of the appeal. In the *Price* case, the hearing was held 75 days after the filing of the appeal, and in the present case, 73 days after the filing of the appeal. Nevertheless, in both cases the hearing was held within 60 days of the originally scheduled, but continued, hearing.

Plaintiff's brief cites the case of *Harmon et ux. v. Reinert,* 38 Leh. Co. L.J. 114 (1978) for the principle that a "deemed" decision is appropriate where the board fails to hold a hearing within the required time period, which at the time of the decision of that case was 45 days. However, in *Harmon* the board not only failed to hold a hearing within 45 days, but also failed to render a decision within the required time period of 45 days. Moreover, there is no indica-

tion in the report of the *Harmon* case that plaintiff ever requested a continuance.

This court is of the opinion that when a delay is caused not by the inactivity of the zoning hearing board, but rather by a continuance requested by the applicant, the applicant should not be entitled to a deemed decision because of a delay in holding a hearing that the applicant in part caused. The delay in the case at bar of 13 days past the 60-day requirement was reasonable and was incident to the request for a continuance. The zoning board's secretary attempted to reschedule the matter for the next month but was unable to do so because of conflicts in the schedules of the board members. The hearing was, therefore, reset for May with the full knowledge of plaintiff and with no objection on behalf of plaintiff. Because plaintiff requested a continuance of the originallly scheduled hearing, plaintiff shoud be required to notify the board or at least lodge some form of objection when the hearing is reset for a time beyond the 60-day limit triggered by the appeal.

Wherefore, we enter the following

## ORDER

And now, this May 5, 1987 plaintiff's request for a writ of mandamus is denied and dismissed.

## ORDER

And now, this May 28, 1987, it appearing that post-verdict motions are not proper, such motions filed by plaintiff are denied and dismissed.