539 A.2d 942

Joseph Ciccone & Sons, Appellant *v.* Lower Saucon Township Zoning Hearing Board et al., Appellees.

Argued February 25, 1988, before Judges CRAIG, MCGINLEY and SMITH, sitting as a panel of three.

*Wesley M. Wasylik, Bartos, Broughal & Wasylik,* for appellant.

*George A. Heitczman, O'Hare & Heitczman,* for appellee, Lower Saucon Township Zoning Hearing Board.

*E. Keller Kline, III, Kline and Kline,* for appellees, William D. Baker and Kathryn B. Baker and Steel City Fire Company and Community Association.

OPINION BY JUDGE CRAIG, April 6, 1988:

Under §908(9) of the Pennsylvania Municipalities Planning Code (MPC),[1] governing zoning hearing boards, which reads:

> Where the board fails to . . . hold the required
> hearing within sixty days from the date of the

---

[1] Section 908(9) of the Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9).

> applicant's request for hearing, the decision shall
> be deemed to have been rendered in favor of the
> applicant unless the applicant has agreed in
> writing to an extension of time. . . .

Is a variance applicant whose attorney orally requested postponement of an initial hearing date, set on the board's regular meeting day in March, entitled to deemed approval if the board actually conducts its first hearing 73 days after the appeal filing date but just 14 days after the board's regular meeting date in April?

Applicant Ciccone has appealed from an order by Judge FRANCIOSA of the Court of Common Pleas of Northampton County, that denied his mandamus request for a deemed approval of his validity variance application to use land for a quarry.

Of course, the applicant's appeal to the zoning board, filed February 21, 1986, constituted an initial request for a hearing. When the applicant's attorney orally requested a postponement of a hearing date set for March 17, the board's regular monthly meeting date, he stated that the next regular monthly hearing date, April 21, "sounded fine" to him, according to his own testimony. Although the board's inability to muster a quorum on April 21 resulted in the first hearing being actually held on May 5, the latter date fell only about 14 days after April 21, so that the delay attributable to the board would be just 38 days, if the days embraced by the applicant's postponement are not counted.

Although the hearing of May 5 came a total of 73 days after the appeal filing date, we conclude that counting the 35 days between March 17 and April 21 against the board's time limit is not justified, in light of the purpose of the statutory provision, which is to eliminate procrastination by the board.

Therefore, because we draw the foregoing analysis from the trial judge's opinion, this court affirms on the

basis of that opinion of Judge FRANCIOSA in *Joseph Ciccone & Sons v. Lower Saucon Township Zoning Hearing Board,* D. & C. 3d (1987) (No. 1986-C-7601 Court of Common Pleas of Northampton County, filed May 5, 1987).[2]

ORDER

NOW, April 6, 1988, the orders of the Court of Northampton County at No. 1986-C-7601, dated May 5 and May 28, 1987, are affirmed.

---

[2] Although the appellant applicant did not include the mandamus complaint in the reproduced record, examination of the original record reveals that the application sought a variance by way of attacking the validity of the zoning classification applicable to the property. Validity attacks are governed by MPC §1004(2)(f), 53 P.S. §11004(2)(f), which, unlike MPC §908(9), does not expressly require that consent to extending the 60-day time limit be in writing. *Beekhuis v. Zoning Hearing Board of Middletown,* 59 Pa. Commonwealth Ct. 307, 316, 429 A.2d 1231, 1236 (1981). However, the parties have not raised any question involving MPC §1004.