572 A.2d 824

**ZONING HEARING BOARD OF WYOMING BOROUGH and Wyoming Borough, Appellants,**

v.

**David J. MARCHESINI, Eve Marchesini, his wife, and Airport Sand and Gravel Co., Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided March 23, 1990.

Joseph L. Vullo, Wilkes Barre, for appellant, Zoning Hearing Bd. of Wyoming Borough.

William F. Anzalone, Wilkes Barre, for appellant, Wyoming Borough Council.

Joseph F. Saporito, Jr., Saporito & Saporito, Pittston, for appellees.

Before BARBIERI, Senior Judge, and CRAIG and BARRY, JJ.

CRAIG, Judge.

This appeal[1] by Wyoming Borough is from the order of the Luzerne County Court of Common Pleas which reversed the Borough Council's decision denying the request of David J. and Eve Marchesini (landowners) to remove sand and gravel from their property. The sole issue on appeal is whether the trial court erred in concluding that the landowners' request was "deemed approved" pursuant to Section 908(9) of Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9).[2] The order of the trial court must be reversed.

1. This appeal was reassigned to the writer on February 27, 1990.
2. Section 908(9) of the MPC directs in relevant part that:
   (9) ... Where the [zoning hearing] board ... fails to hold the required hearing with in 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been

The landowners contracted with the additional appellee, Airport Sand and Gravel Co., Inc., to remove and transport sand and gravel from their property. In late January of 1988, the landowners submitted a letter to the Wyoming Borough Council requesting "the Wyoming Borough Council's approval to remove sand and gravel materials from the former Bartoli Property." Exhibit "C." The borough manager forwarded the letter to the Wyoming Borough Zoning Hearing Board (ZHB), which interpreted the letter as a request for a zoning change and accordingly referred it to the Wyoming Borough Planning Commission. The planning commission, without notifying the landowners, reviewed the letter and recommended that the request be denied, which recommendation was adopted, without hearing, by the borough council on July 13, 1988, with notice of that decision being sent to the landowners on July 14, 1988.

The landowners appealed the denial to common pleas court, alleging that the ZHB failed to hold a hearing on their request within 60 days as required by Section 908(9) of the MPC. The trial court concluded that the landowners' request should be "deemed approved" in view of the ZHB's failure to take action in accordance with Section 908(9).

Although the landowners' letter sought only the "approval" of *borough council* to remove sand and gravel from the property, the trial court concluded that the borough officials should have perceived in those general terms a request to the ZHB for a special exception. The trial court noted that the ordinance contains special exception provisions, to be granted by the ZHB, with respect to the excavation of sand and gravel. Section 2.051 provides that the "[e]xcavation of sand, gravel, coal or other material from the surface shall be considered a temporary use," while Section 2.053 mandates ZHB approval for new excavations, and Section 8.422 vests the ZHB with authority to hear and decide requests for temporary uses in any zoning district. The trial court relied on the fact that the borough

rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

officials did forward the application letter to the ZHB and that it was the ZHB that relayed it to the planning commission rather than proceed with it in ZHB jurisdiction.

However, the key point overlooked by the trial court is that the applicant's land is in a *residential zone,* to which the special exception for extraction is not applicable. Hence, there was no jurisdiction in the ZHB, and therefore there is no legal basis for awarding a deemed approval for an alleged failure of the ZHB, particularly when the application sought only the approval of the borough council, with no mention of the ZHB or anything within the ZHB's jurisdiction.

The land here is zoned R–2 residential, subject to a F–1 overlay, meaning that it is in a flood plain (RR 8a). The trial court decision did not mention that crucial point or its corollary, that the site is not in an *Agricultural* district, which is the only district in which the ZHB would have jurisdiction to allow a sand-and-gravel operation under Ordinance Section 2.05, which was the ZHB jurisdictional basis noted by the trial court and also the section upon which the landowners placed primary reliance (RR 4a–6a). The interrelated subsections of Section 2.05 read as follows:

*Excavation of Sand, Gravel, Coal or Other Minerals and Peat Moss*

2.051   Excavation of sand, gravel, coal or other material from the surface shall be considered a temporary use, and *shall be permitted only in Agricultural, districts.*

2.052.   *Timing.*   Primary blasting in any excavation shall occur only between the hours of 8:30 A.M. and 4:00 P.M., on either Eastern Standard or Eastern Daylight time, as the case may be, provided, that no blasting shall be allowed on Sundays.

2.053   New excavations shall require the approval of the Board, which shall check the health, safety, and nuisance features involved, and require such measures as will protect the public interest.

2.054   Deep mining is permitted in any zoning district but new breakers, tipples, rock banks or similar uses are

permitted with approval of the Board only in agricultural districts. (Emphasis added.)

That provision cannot apply in this case because the subject land is not zoned Agricultural.

Subsection 2.053, relating to "New excavations," is subordinate to subsection 2.051, and not separate from it. There is no basis for a misinterpretation that "new" excavations are allowed in any district; subsection 2.051 clearly declares that such excavation, without reference to being new or old, "shall be permitted only in Agricultural districts." Subsection 2.053 simply confirms that the activity of extraction, if it is to be allowed in the Agricultural district, is to be approved at the outset, so that successive approvals on a continuing basis are not required.

As noted above, the application letter did not invoke Section 2.05 or any other aspect of ZHB jurisdiction. The landowners addressed it to "Wyoming Borough Council," in care of the chairman, and expressly requested "the Wyoming Borough council's approval to remove sand and gravel materials" from the property. It added that "a recreation site" is proposed upon "completion of sand and gravel removal," but gave no indication of the duration of the extraction operation.

▮ Also to be noted is that there was no alternative basis for invoking ZHB jurisdiction under Ordinance Section 8.422, the "Temporary Uses" special exception, because that provision relates only to temporary pre-construction matters "for not more than a 12 month period," and this request gave no indication of duration except to state that it will be carried on until "completion of the removal of the sand and gravel," i.e., until exhaustion of the material on the site, with a "recreation site" (not otherwise described) to come thereafter.

With neither special exception applicable, and with no variance requested, the borough manager's referral of the letter to the ZHB was of no significance, except to invite the ZHB's zoning expertise. The ZHB was exactly right in

interpreting the letter as a request for a zoning change and accordingly sending it to the planning commission for zoning amendment advice, because the borough council necessarily would have to rezone the land to Agricultural in order to allow an indefinite-term extraction operation under Section 2.05. Only the governing body—here the borough council—has the exclusive power to change zoning districts by ordinance amendments, under MPC § 601, 53 P.S. § 10601.

*Wudkwych v. Borough of Canonsburg*, 84 Pa.Commonwealth Ct. 468, 479 A.2d 82 (1984), is distinguishable because the applicants there explicitly filed a *variance* application form which necessarily was addressed solely to the ZHB, the only body having jurisdiction to grant variances (along with special exceptions, interpretations and validity challenges). MPC § 909.1, 53 P.S. § 10909.1. In that case, this court merely held that a variance applicant need not make an express request for a hearing because a hearing is necessarily involved in reaching a decision on a variance. This court in *Wudkwych* did not hold that a deemed approval for ZHB failure could be invoked by a request addressed to the governing body, as here.

To award a deemed approval on the basis of an assumed ZHB failure, to landowners who did not apply to the ZHB but expressly asked for councilmanic approval, and by that deemed approval sanction to force a sand-and-gravel extraction operation of unstated duration upon a residential district where it is prohibited by the ordinance, is not supportable under the MPC.

The decision of the trial court is therefore reversed.

ORDER

NOW, March 23, 1990, the order of the Court of Common Pleas of Luzerne County, dated April 6, 1989, at No. 4068–C of 1988, is reversed.