## Borough of Boyertown v. Grim

*Jeffrey Howell,* for plaintiff.
*Gene M. Venzke,* for defendants.

ESHELMAN, T.J., *J.,* July 19, 1990 — Appellants have appealed our order dated April 18, 1990, which granted summary judgment in favor of Borough of Boyertown and against appellants (hereinafter referred to as the Grims). This opinion is in support of our order pursuant to Pa.R.A.P. 1925.

The Grims own real estate located at 206 West Philadelphia Avenue, Boyertown, Berks County, Pennsylvania, which is situate in an R-1 Single Family Residential zoning district under the terms and conditions of the Boyertown Borough Zoning Ordinance of 1966, as amended.

The property is improved with a three-story building, which prior to adoption of the zoning ordinance, contained one apartment on the second and third floors and a storage area on the first floor. A detached, two-car garage is also located on the site.

The Grims had purchased the property in 1983, at which time they converted the first and third floors into living quarters. They converted a portion of the second floor into an office for a building contractor.

On December 29, 1986 the Grims applied to and received from the borough a building permit to install a "kitchen and bath" on the property. At that time the Grims converted the office and living quarters into two apartment units.

On June 4, 1987, the borough notified the Grims that their use of the property violated the zoning ordinance. On June 22, 1987, the Grims filed an application with the Borough of Boyertown Zoning Hearing Board to request a special exception or variance from the zoning ordinance.

On July 20, 1987, the zoning hearing board held a hearing to consider the Grims' request. Thereafter

the zoning hearing board issued a decision which denied the Grims' request.

On October 6, 1987, the Grims filed a notice of appeal to the Court of Common Pleas of Berks County docketed to no. 74 October 1987 A.D. On August 23, 1988, this court issued an opinion and order which affirmed the decision of the zoning hearing board.

On September 27, 1988, the Grims filed a second application to the zoning hearing board for an interpretation of the zoning ordinance or a special exception to permit a change of use on the property. The board scheduled a hearing on the second application for December 19, 1988, due to the sudden illness (to which he eventually succumbed) of Robert I. Cottom, Esq., counsel for the zoning hearing board, who had been hospitalized in Spain until October 25, 1988 and again in Reading from November 13, 1988 until November 29, 1988.

On December 16, 1988 the Grims filed a complaint in mandamus docketed to no. 239 December 1988 A.D. against the borough and the zoning hearing board to require the borough to give public notice of a "deemed" approval of the Grims' second application pursuant to the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(9).

On December 16, 1988, this court entered an order enjoining the zoning hearing board from conducting any further proceedings pertaining to the Grims' second application before the zoning hearing board.

On November 22, 1989, the borough commenced an equity action to compel the Grims to conform the use of the property to the zoning ordinance.

The mandamus and equity actions have been consolidated by court order. Plaintiff and defendants have filed cross-motions for summary judg-

ment, and, after due consideration, the court entered summary judgment in favor of the borough.

The Pennsylvania Municipalities Planning Code of 1968, as amended, provides, in pertinent part, that zoning hearing board hearings "shall be held within 60 days from the date of applicant's request, unless the applicant has agreed in writing to an extension of time." 53 P.S. §10908(1.2). If the board does not hold a hearing within 60 days from the date of the applicant's request, the decision "shall be deemed to have been rendered in favor of the applicant." 53 P.S. §10908(9).[1]

No trial or appellate court appears to have addressed the issue of the effect of a board's failure to hold a hearing within 60 days of an applicant's request. However, two cases decided by the Pennsylvania Commonwealth Court impel the conclusion that a "deemed approval" sanction will not be imposed inexorably where extenuating circumstances cause a hearing to be held more than 60 days after filing of an applicant's request.

In *Joseph Ciccone & Sons Inc. v. Lower Saucon Township Zoning Hearing Board,* 115 Pa. Commw. 238, 539 A.2d 942 (1988), the applicant filed an appeal with the zoning hearing board on February 21, 1986. The board set a hearing date for March 17, 1986. The applicant's attorney agreed to postpone the hearing until April 21, 1986. At that time the board could not muster a quorum. The board did convene on May 5, 1986, a total of 73 days after the applicant filed his appeal. The Commonwealth

---

1.　Cf. section 10908(10) of the code. Despite this unequivocal language requiring notice to the applicant, within 24 hours, courts have construed this provision as directory, rather than mandatory. See *Heisterkamp v. Zoning Hearing Board of City of Lancaster,* 34 Pa. Commw. 539, 383 A.2d 1311 (1978).

Court, affirming the trial court, held that including the 35 days between March 17 and April 21 in the 60-day time limit prescribed by statute was not justified "in light of the purpose of the statutory provision, which is to eliminate procrastination by the board." 115 Pa. Commw. at 240, 539 A.2d at 943. The court refused to invoke section 10908(9) to have a "deemed" decision rendered in favor of the applicant.

Similarly, in *Price v. Zoning Hearing Board of Hanover Township,* 72 Pa. Commw. 5, 455 A.2d 1267 (1983), the applicants filed a validity challenge to a zoning ordinance, which allegedly did not allow use of land within the township for buying and selling scrap metal, on March 13, 1981. The zoning hearing board scheduled a hearing on April 22, 1981. The applicants appeared and objected to the notice given by the board, which, consequently, rescheduled a hearing for May 27, 1981. The applicants did not appear at the May 27 hearing, which occurred 75 days after the filing of the application. Instead, they filed a mandamus action to compel a "deemed" approval pursuant to section 10908(9). The trial court held that the board's meeting within 40 days of filing of the application satisfied the requirements of this section. On appeal, the Commonwealth Court held that section 10908(9) did not apply to a validity challenge but, if it did, the zoning hearing board had complied with the time limitations prescribed by this section.

The *Price* court referred to the purpose of this sanction as an assurance to applicants of "timely decisions on their zoning applications . . . [zoning hearing boards] can no longer effectively frustrate or prohibit lawful land uses by refusing to act on zoning applications." 72 Pa. Commw. at 9, 455 A.2d

at 1269, quoting *Appeal of Emmanuel Baptist Church*, 26 Pa. Commw. 427, 364 A.2d 536 (1976). Importantly, the court explained this conclusion with the reasoning that "[t]he record in this case reveal[ed] a zoning hearing board conscientiously pursuing the purpose of a timely disposition of the appellants' matter." 72 Pa. Commw. at 9, 455 A.2d at 1269.

In summary, the *Price* and *Ciccone* cases support the principle that extenuating circumstances may excuse literal compliance with the 60-day time limit prescribed by section 10908(9) where the zoning hearing board conscientiously pursues timely disposition of a zoning request.[2] In the case sub judice,

---

2. Section 10908(9) also imposes constraints upon the amount of time in which zoning hearing boards may consider an application after hearings have been concluded. A board must issue a written decision within 45 days of the last hearing. If the board fails to do so, the application is "deemed" to be approved. 53 P.S. §10908(9).

This particular provision of section 10908(9) has received considerable attention in Pennsylvania trial and appellate courts. Although these courts have agreed that the requirement is mandatory, technical violations have been excused. See, for example, *Atlantic Richfield Co. v. Harrisburg Zoning Hearing Board*, 18 D.&C. 3d 564 (1981) (no deemed approval of application where decision issued on 47th day and 45th day occurred on Saturday); *Swedeland Road Corp. v. Zoning Hearing Board of Upper Merion Township*, 107 Pa. Commw. 611, 528 A.2d 1064 (1987) (no deemed approval where applicants' tardy submission of evidence prevented board from issuing written decision by required date); *Slifer v. Zoning Hearing Board of Edgmont Township*, 43 D.&C. 3d 175 (1985) (no deemed approval where written decision mailed but not received within 45-day period); *Pae v. Hilltown Township Zoning Hearing Board*, 35 Pa. Commw. 229, 385 A.2d 616 (1978) (no deemed decision even though zoning hearing board violated Sunshine Law); *Giant Food Stores Inc. v. Zoning Hearing Board of Whitehall Township*, 93 Pa. Commw. 437, 501 A.2d 353 (1985) (no deemed approval where zoning hearing board issued decision signed by only

the Boyertown Zoning Hearing Board conscientiously attempted to hear and decide the Grims' second application. The Grims filed the second application on September 27, 1988. On October 3, 1988, Robert I. Cottom, the board's solicitor, received a copy of the application from the zoning officer. On October 4, 1988, Cottom advised the Grims' attorney that he would be in Spain from October 4 until October 12 and that he would contact him as soon as he returned. Unfortunately Cottom, who became ill in Spain, was hospitalized there until October 25. In late October Cottom returned to work on a part-time basis until November 13, when he was admitted to a local hospital, where he remained until November 29, 1988.

During this time the Grims were kept apprised of these developments. Cottom's secretary wrote to the Grims' attorney on two occasions. In addition, on November 10, 1988 the zoning officer called Mrs. Grim to advise her of the hearing set for December 19, 1988.

Although the board did not convene on or before November 26, 1988, when the 60-day period expired, the board made diligent effort to convene a hearing, which essentially would have reiterated the presentation made to the board by the Grims several months earlier. The Grims' first application to the board included a claim of vested rights, a request for a variance and special exception to change from one non-conforming use to another under section 704.4 of the zoning ordinance. The second application requested an interpretation under section 704.3(a) and a special exception to permit change from one non-conforming use to

two board members within 45 days of last hearing). Clearly, courts have resisted attempts to apply this section mechanically without regard to extenuating circumstances.

another. This later section of the zoning ordinance allows non-conforming uses to be expanded within certain guidelines. The second application simply restated the arguments advanced by the Grims and rejected by the board at the first hearing.

The Grims attempted to circumvent the bar of res judicata by relying upon "additional evidence" and a "change in circumstances." Specifically, the Grims referred to a special exception supposedly granted by the zoning hearing board in 1977 to a nearby property. The Grims intended to present evidence of this prior special exception as part of the record in the second application. This evidence would not be admissible. Evidence of zoning relief granted to other properties is not relevant. *North Huntingdon Township Board of Adjustment v. Drop,* 6 Pa. Commw. 64, 293 A.2d 144 (1972). See also, Municipalities Planning Code, 53 P.S. §10908(6) (board may exclude evidence which is "irrelevant, immaterial and unduly repetitious").

Even if this evidence were relevant, the Grims did not allege that the information could not have been discovered prior to the hearing by use of reasonable diligence. Absent such circumstances, after-discovered evidence cannot support reconsideration of a valid determination by the board. See *Lazarus v. Goodman,* 412 Pa. 442, 195 A.2d 90 (1963).

The Grims also claim to have additional information to present concerning parking. Otherwise stated, having been turned down by the zoning hearing board and the Court of Common Pleas of Berks County, the Grims simply wanted a second opportunity to prove their case.

The Grims cite *Atlantic Richfield Co. v. City of Bethlehem,* 69 Pa. Commw. 6, 450 A.2d 248 (1982) and *Wudkwych v. Borough of Canonsburg,* 84 Pa. Commw. 468, 479 A.2d 82 (1984) to support the

proposition that Pennsylvania appellate courts have recognized only a literal interpretation of section 10908(9) of the Municipalities Planning Code of 1968, as amended, 53 P.S. §10908(9). In actuality, neither *Atlantic Richfield* nor *Wudkwych* provides any dispositive guidance for the precise issue before the court.

For example, in *Atlantic Richfield,* the Commonwealth Court held that the zoning hearing board had complied with section 10908(9) by holding a hearing within 60 days. Initially, the applicant had filed a request for a special exception in 1978 to expand a lawful non-conforming use as a service station to include a "mini-market." The zoning hearing board denied the request. The applicant took no appeal.

In 1980 the applicant filed a similar application, which the zoning hearing board denied without a hearing by invoking the principle of res judicata. The applicant filed a mandamus with the common pleas court to obtain a "deemed" approval. After resolving some thorny procedural issues, the court ultimately concluded that, to apply the doctrine of res judicata, the zoning hearing board needed to convene a second hearing and to make findings of fact and conclusions of law, which the court, on appeal, could review. The Commonwealth Court remanded the entire matter for this purpose.

Although the board did not take testimony, the court ruled that the convocation of the members to hear arguments of counsel within 60 days of the second application satisfied the requirement of section 10908(9). The court, therefore, did not need to detail the consequences of a failure by the board to convene a hearing. See note 4, 69 Pa. Commw. at 13, 450 A.2d at 252.

Similarly, in *Wudkwych,* the applicants filed a variance petition on January 5, 1982 on a form supplied by the borough. The borough rejected the application as insufficient. On February 22, 1982, the applicants submitted additional information with a request for a hearing. In response, the zoning officer advised them to file a new variance petition. On April 7, 1982, the day after refusing them an occupancy permit, the zoning officer returned the variance petition as unacceptable.

On April 8, 1982, the applicants filed a mandamus action against the borough. In response, the borough, acting upon the same allegedly inadequate variance petition, advertised a hearing on April 17, and convened to hear the request on April 21.

The trial court decided that the board convened within the required 60-day period because of the applicants' failure to request a hearing until February 22. The trial court considered the 60-day period to be triggered by a written request for a hearing, not the date of application. The trial court also ruled that the applicants failed to prove that borough officials deliberately or negligently refused to set a hearing date.

On appeal, the Commonwealth Court held that, in the absence of an ordinance provision which requires a written request for a hearing, the mere filing of a zoning application constitutes a request for a hearing. In *Wudkwych,* the zoning ordinance did not have any such requirement. The Commonwealth Court concluded that, accordingly, the trial court erred in computing the 60-day period from February 22, when the applicants actually requested a hearing. The proper date should have been January 5, when the applicants filed the variance petition.

Importantly, the Commonwealth Court did not review the trial court's alternative holding, which addressed the issue of the applicant's failure to prove that borough officials deliberately or negligently refused to set a hearing date. This issue, recognized by the trial court in *Wudkwych*, has not been resolved by Pennsylvania appellate courts other than in the *Joseph Ciccone & Sons* and *Price* cases referred to in the borough's brief.

The trial court in *Wudkwych*, notwithstanding the borough's obstructive pattern of conduct rejecting an application which, without amendment, the borough later accepted with objection after the applicants had filed a mandamus action, concluded that the applicants had failed to prove that the borough deliberately or negligently refused to set a hearing date. Clearly, the trial court recognized that extenuating circumstances *do* affect whether a violation of section 10908(9) has occurred. The trial court considered the conduct of the borough in scheduling a hearing as pivotal to that issue.

In the case before us, the pleadings and the material in support of the motion for summary judgment show a persistent attempt on the part of the borough to schedule a hearing and to advise the Grims of the difficulties in doing so. The ultimate inability of the borough to meet the 60-day requirement of section 10908(9) should not be distorted into a penalty for the citizens of Boyertown and a windfall gain to the Grims. To sanction the Grims' illegal use of the property with a "deemed" approval where the zoning hearing board and the court of common pleas have already reviewed and rejected the Grims' previous arguments will encourage duplicative applications to the zoning hearing board to obtain by procedural error what cannot be achieved by substantive right.

To conclude, in the case sub judice, extenuating circumstances — including the sudden and protracted illness of the zoning hearing board solicitor and Grims' assertion of a second application barred by res judicata, as well as the board's conscientious efforts to hear and decide Grims' request — should excuse literal compliance with the 60-day time limit of section 10908(9). This court could not properly consider the Grims' application to be "deemed" to have been approved.