## Long Lane Acres Appeal

*Christopher S. Underhill,* for appellant.
*William C. Crosswell,* for appellee.

STENGEL, *J.,* July 1, 1991—This land use appeal presents an interesting legal issue framed in a set of facts which can be described as gothic. It is a story of zoning laws and zoning changes, of map mistakes, of missed deadlines, of promises made, of letters sent, of understandings and of misunderstandings, of meetings, of hearings and of resolutions. It is not, however, a story of ordinances passed, validly and according to the Pennsylvania Municipalities Planning Code, and therein lies the problem in this case.

Simply stated, the issue is whether a valid, legal zoning ordinance can be changed by any action other than another valid legal zoning ordinance enacted pursuant to the provisions of the Pennsylvania Municipalities Planning Code, 53 Pa.C.S. §10101 et seq.

The case is before this court on the appeal of Long Lane Acres from the denial of a "petition to correct zoning map." For the reasons that follow, we deny the appeal and affirm the decision of the Board of Supervisors of Pequea Township.

## HISTORY

The Long Lane Acres partners are the legal owners of approximately 148 acres of land located in

Pequea Township. Prior to 1972, the property was zoned agricultural. On June 2, 1972, the board of supervisors rezoned the property to an R-180 Residential District.

In June 1974, the Lancaster County Planning Commission, in response to a township request, submitted a revised zoning map to Pequea Township. The property in question was mismapped in two respects. One area was mapped as being zoned R-240 Residential rather than R-180, as rezoned by ordinance no. 022. The other two areas to the east and west of the parcel zoned R-240 were shown as agricultural zoning, in spite of the fact that these three areas were included within the legal description attached to ordinance no. 022.

In 1980, the board of supervisors enacted a new zoning ordinance, which included a revised zoning map of the township. The 1980 map shows the tract with R-240 and agricultural zoning rather than R-180 zoning. The zoning ordinance of 1980 contained a provision which expressly repealed all prior zoning ordinances for the township.

In November 1983, the township secretary sent a letter to the County Planning Commission advising them that a mistake had been made on the zoning map. The letter noted that the tract was mapped as R-240 and should have been mapped as R-180. The County Planning Commission made no changes to the township zoning map.

In 1987, the board of supervisors initiated a petition to rezone the property from R-240/agricultural to R-180. The supervisors' petition, as well as the township solicitor's letter to the County Planning Commission which accompanied the petition, indicate that the revised zoning was to correct a "mistake" in the 1980 zoning map. After proper notice and a public hearing held on October 7, 1987,

the board rendered a "decision" on November 18, 1987 wherein they rejected their own petition and stated that the entire tract was zoned R-240.

On October 20, 1989, Long Lane Acres sought a determination of the exact zoning of the property by contacting the zoning officer of Pequea Township. By letter of November 17, 1989, the zoning officer advised Long Lane Acres that one parcel of 82.2 acres was zoned R-240 and two parcels totalling 66.4 acres were zoned agricultural. The zoning officer's advice was apparently consistent with the 1980 zoning ordinance but not with the 1987 "decision" that the entire tract was R-240.

Long Lane Acres appealed this determination to the zoning hearing board. The zoning hearing board affirmed the decision of the zoning officer on March 5, 1990. Long Lane Acres did not appeal this decision to the court of common pleas.

On March 23, 1990, Long Lane Acres filed a document styled "petition to correct zoning map" with the board of supervisors which requested that the board "correct" or amend the zoning map by bringing it into conformity with the intention of the supervisors (1) in 1980 when a general rezoning took place and (2) in 1987 when the supervisors acted to rezone the entire tract R-240. Long Lane Acres considered the "intention" of the supervisors in 1980 to have been to zone the tract R-180, despite the earlier mistake with the map. Long Lane Acres also assumed that the November 1987 action was a "rezoning" of this specific tract to R-240.

The board of supervisors held a hearing in response to the petition on August 22, 1990. Following the hearing, the board voted against the petition by a vote of two to one. The board then held a subsequent public hearing and enacted an ordinance adopting a new official zoning ordinance and map

for the entire township, which classified the subject property as agricultural.

Long Lane Acres contends that correcting the zoning map to conform with prior action of the board of supervisors is a ministerial task which the supervisors have willfully and wrongfully failed to perform. Long Lane Acres, therefore, requests this court to order the supervisors of Pequea Township to correct their zoning map to reflect that the entire tract of land known as Long Lane Acres was zoned R-240 from 1987 up to August 22, 1990.

## THE ISSUE

A careful look at the specific issue before this court provides a sense of order amidst the historical and procedural chaos of this case. The issue is clear: Was the November 18, 1987 decision by the board of supervisors a valid legislative action which effectively designated the subject tract as an R-240 zone?

Long Lane Acres contends that it was valid and that the zoning should be R-240; the township contends that it was a legal nullity and that the zoning was R-240/Agricultural until the new ordinance was passed in 1990, making the tract "agricultural."

## DISCUSSION

Under Pennsylvania law, the amendment of a zoning ordinance may be accomplished only through the enactment of another ordinance. Pennsylvania Municipalities Planning Code, 53 Pa.C.S. §§601, 609. Long Lane Acres contends that the "decision" which the board rendered on November 18, 1987 when they rejected their own petition to rezone the entire tract R-180 and "reaffirmed" the

1980 rezoning of the entire tract as R-240, was sufficient to "rezone" the portions of the subject property designated on the zoning map as "agricultural" to R-240. Long Lane Acres argues that the entire tract was R-240 after the November 18, 1987 decision. The township argues that this "decision" was not an ordinance and did not comply with the requirements of the MPC. See 53 Pa.C.S. §§609, 610.

Further, the November 18, 1987 "decision" was not in the form of an ordinance, was not assigned an ordinance number, was not recorded in the township ordinance book and was not endorsed upon the official zoning map, as required for amendments to the zoning map by section 303 of the zoning ordinance. This court finds that the "decision" was not an ordinance. Therefore, the November 18, 1987 action of the board of supervisors was not sufficient to change the zoning classification of the property in question.

Article VI of the MPC sets forth extensive procedures for the enactment of zoning ordinances, including ordinances which change the zoning classification of tracts of land. Rezoning is a purely legislative function reserved to the governing body under section 601 of the MPC. Action upon a petition to amend a zoning ordinance is expressly stated to be a legislative act by the MPC. 53 Pa.C.S. §909.1(b)(5).

An ordinance enacted by the governing body of a political subdivision can only be amended or changed by the enactment of another ordinance. See *Penn Wynne v. Lower Merion Township,* 181 Pa. Super. 524, 124 A.2d 487 (1956); *Zoning Hearing Board of Wyoming Borough v. Marchesini,* 132 Pa. Commw. 249, 572 A.2d 824 (1990). The procedures to amend an ordinance must be precisely followed.

See *Miller v. McHenry Township,* 39 D.&C. 3d 47 (1985) (ordinance not validly enacted when township followed policy that a motion made and seconded is considered unanimously passed unless a supervisor calls for a vote). The courts will also look to the substance of the ordinance to determine if proper procedures were met. See *Dean v. City of Harrisburg,* 128 Pa. Commw. 431, 563 A.2d 965 (1989) (en banc) (court invalidated an ordinance which regulated land use but was not enacted in accordance with the procedures in the MPC).

In *Rallis v. College Township,* 9 Centre L.J. 629 (1976), the minutes of a board of supervisors' meeting indicated that the "unanimous decision of the board" on a request to change zoning classifications was to make agreed-upon changes to the map. The court held that this "decision" was not sufficient to change the zoning classification because "zoning changes require the sanctity of an ordinance." After commenting on the impact of zoning, the court stated: "Certainly a matter of such importance requires that it be done by a formal ordinance, adopted and advertised as required by law." 9 Centre L.J. at 631. The decision of the board of supervisors clearly did not comply with the Pequea Township Zoning Ordinance. Section 303 of the ordinance provides as follows:

"If, in accordance with the provisions of the zoning ordinance, changes are made in district boundaries or other matter portrayed on the official zoning map, such changes shall be made on the official zoning map promptly by the zoning officer or some other competent person designated by the board of supervisors. This change shall be accompanied by an entry on the official zoning map stating the date of the amendment and the ordinance number which amends the official zoning map."

Thus, in addition to changes being made on the zoning map, the relief sought by Long Lane Acres, there must be an entry on the map stating the date of the amendment and the ordinance number which amends the map. The decision of the supervisors was not assigned an ordinance number and was not endorsed upon the official zoning map. The clear language of the zoning ordinance requires the enactment of an ordinance to amend the zoning map in order for there to be a change of the zoning classification on the zoning map.

The court finds that the supervisors knew the procedure for enacting ordinances and did not follow the procedure. Therefore, the November 18, 1987 decision of the board of supervisors did not constitute an ordinance and had no legal effect on the zoning status of the subject property.

Accordingly, we enter the following

## ORDER

And now, July 1, 1991, upon consideration of appellants' land use appeal, the briefs filed thereon and oral argument heard in this case, it is hereby ordered that the decision of the Board of Supervisors of Pequea Township is affirmed and the appeal from that decision is denied.